828 So.2d 952 (2001)
Ex parte Herman Y. THOMAS.
(Re Ex parte State of Alabama
(In re State of Alabama v. Thomas Maddox.))
1001043.
Supreme Court of Alabama.
September 28, 2001.
As Modified on Denial of Rehearing December 7, 2001.
*953 Thomas M. Haas, Mobile, for petitioner.
Thomas E. Harrison, asst. district atty., Mobile, for respondents.
H.W. "Bucky" McMillan, Presiding Judge; and Sue Bell Cobb, Pamela W. Baschab, Greg Shaw, and A. Kelli Wise, Judges, Court of Criminal Appeals.
JOHNSTONE, Justice.
The Honorable Herman Y. Thomas, Circuit Judge for the Mobile County Circuit Court, has petitioned for a writ of mandamus. He seeks review of a writ of mandamus issued by the Court of Criminal Appeals directing Judge Thomas to vacate his order dismissing an indictment against Thomas Maddox and directing Judge Thomas to reinstate the indictment. We grant Judge Thomas's petition and issue the writ of mandamus to the Court of Criminal Appeals.
The State indicted Maddox, a general contractor, for theft by deception. The theory of the prosecution is that Maddox's cost-plus contract for the construction of a house required him to devote the draws he received from the owner to payment for the materials used in the construction of the house; that he did not pay some of the material suppliers; that he allowed some of his payments to suppliers to be credited to his debts from other jobs instead of his debts for this job; and that he had thereby "obtain[ed] or exert[ed] unauthorized control over [the] checks or lawful currency" constituting the draws paid him by the owner, who eventually paid some of the material suppliers herself and sued Maddox in a civil action.
In a pretrial motion, Maddox moved to dismiss the indictment on the grounds that "[t]here is no factual basis for the indictment" and that it "is an unlawful attempt to collect a civil debt." Judge Thomas deferred ruling on the motion and commenced the trial. The State presented the testimony of several, but not all, of its witnesses to the jury. Judge Thomas then, sua sponte, questioned the State about the sufficiency of its evidence, entertained all proffers by the State of the content of its remaining evidence, granted the motion to dismiss, and discharged the jury.
The State waited 37 days before it petitioned the Court of Criminal Appeals for a writ of mandamus to revise Judge Thomas's ruling and to reinstate the indictment *954 against Maddox. The Court of Criminal Appeals granted the relief sought by the State; Judge Thomas petitioned us for review and relief. Our reasons for granting relief to Judge Thomas are threefold and severally sufficient.

I.
First, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution foreclosed any right in the State to a review of Judge Thomas's mid-trial dismissal of the indictment. A citizen's right to due process in state court, guaranteed by the Fourteenth Amendment to the United States Constitution, includes the immunity from double jeopardy guaranteed by the Fifth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The case of Fong Foo v. United States, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962), is virtually indistinguishable from the case now before us. In Fong Foo a federal district court directed a not-guilty verdict and entered a judgment of acquittal after the government had presented some, but not all, of its case in chief. The First Circuit Court of Appeals granted a petition for a writ of mandamus filed by the government and issued the writ directing the district judge to vacate the judgment of acquittal and to reassign the case for trial. On certiorari review, the United States Supreme Court reversed the Court of Appeals on the rationale that the Double Jeopardy Clause barred any retrial. In the case now before us the only response by the State to Fong Foo is an argument that it is distinguishable in that the federal district judge directed a verdict, while Judge Thomas granted a motion to dismiss. This argument does not present a legally significant distinction. Judge Thomas's order of dismissal was tantamount to a judgment of acquittal on the merits, which is the current form of the relief formerly embodied in a directed verdict as granted in Fong Foo. Rule 20.1(a), Ala. R.Crim.App., and the Committee Comments to Rule 20.1.

II.
Second, the State was 30 days late in filing its petition for a writ of mandamus in the Court of Criminal Appeals. The State filed its petition 37 days after Judge Thomas dismissed the indictment. Rule 21(a), Ala. R.App. P., provides that "[t]he presumptively reasonable time for filing a petition [for a writ of mandamus] seeking review of an order of a trial court shall be the same as the time for taking an appeal." Rule 15.7, Ala. R.Crim. P., allows only seven days for the only appeal the State can take from an order granting a motion to dismiss an indictment.
The State argues that, because Rule 15.7, Ala. R.Crim. P., governs pretrial motions and the trial court granted this one mid-trial, the state should be allowed an extra 35 daysthat is, the same 42 days allowed a defendant to appeal a conviction pursuant to Rule 4(b), Ala. R.App. P. For the purpose of determining the time limit for filing a petition for writ of mandamus, however, the pretrial appeal right of the State is the better analogy than the postjudgment appeal right of the defendant. The seven-day deadline for appeal set by Rule 15.7, Ala. R.Crim. P., is the appropriate deadline for a petition by the State seeking mandamus review of a mid-trial grant of a motion to dismiss, because the State would, at most, be entitled to a review of only a dismissal based on defects on the face of the indictment (like a pretrial dismissal), not a review of a dismissal on the merits, after jeopardy had attached. Fong Foo, supra. Even a mid-trial dismissal for defects on the face of the indictment would constitute jeopardy *955 barring a retrial unless the delay in ruling until after jeopardy had attached was a "manifest necessity" not the fault of either the State or the trial court. See Ex parte Sullivan, 779 So.2d 1157 (Ala.2000). The frailty of the analogy proposed by the State between its mandamus-review right and the defendant's postjudgment appellate-review right (with its 42-day deadline for appealing a conviction) is that the State does not have or need any right to a review of a conviction and does not have any right to a review of an acquittal on the merits, Fong Foo, supra, but does have a right (with a seven-day deadline) to an appeal of a pretrial dismissal of an indictment, Rule 15.7, Ala. R.Crim. P.

III.
Third and finally, Judge Thomas was right. The theory of prosecution is based on a false premise. The false premise is that the contract between Maddox and the owner required Maddox to devote his draws to payment for the materials used on this job. The only pertinent provisions of the contract are:
"1. The contractor agrees to furnish and pay for all labor and materials necessary to construct those certain improvements on the premises located at 143 Myrtlewood....
"2. The contractor agrees to do the foregoing work in a good and workmanlike manner and to deliver same to the owners free from any claims or liens....
"....
"11. The owners shall make payments [(the draws)] to the contractor, following each calendar month after the date of commencement of construction, according to itemized list of invoices for materials, labor, subcontractors statements plus overhead and profit, no later than the 10th of each month.
"12. The contractor shall submit evidence satisfactory to the owner that all payrolls, materials bills, and other indebt[ed]ness connected with the work have be[e]n paid in full."
While the provisions of paragraphs 1, 2, and 12 make the contractor ultimately responsible for paying for the materials, no provision of the contract restricts the contractor in his use of the particular draws paid to him by the owner pursuant to paragraph 11. The draws became due to Maddox, not the suppliers, according to the progress in the construction. But for a few exceptions, the materials had been incorporated into the house when the owner paid Maddox the draws occasioned by those materials. The owner, who intentionally paid the draws to Maddox, knew what materials had, and what materials had not, been incorporated as she paid the draws. The owner fired Maddox from the job before the construction was complete. These facts, proved by the evidence introduced or proffered by the State itself, affirmatively disproved the allegation in the indictment that Maddox "obtain[ed] or exert[ed] unauthorized control over [the] checks or lawful currency" constituting the draws. Judge Thomas was justified in concluding that this prosecution during the very pendency of the owner's civil action based on Maddox's same nonpayment of suppliers was so unwarranted that the indictment should be dismissed.
Judge Thomas has heard and seen the evidence already presented by the State and has heard the best-case-scenario proffers by the State about the evidence not yet presented. The essence of the position of the State is that we should allow the Court of Criminal Appeals to compel Judge Thomas to impanel a new jury and to entertain all of the very same evidence before he considers a judgment of acquittal.

*956 IV. CONCLUSION AND RELIEF

"A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte State Farm Mut. Auto. Ins. Co., 761 So.2d 1000, 1002 (Ala.2000) (quoting Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998)). The State did not establish the first, second, or fourth of these elements before the Court of Criminal Appeals. Judge Thomas has established all four of these elements before us. Accordingly, we grant Judge Thomas's petition and issue the writ of mandamus directing the Court of Criminal Appeals to withdraw the writ of mandamus it issued against Judge Thomas.
WRIT ISSUED.
LYONS, HARWOOD, and WOODALL, JJ., concur.
MOORE, C.J., concurs in the rationale in part and concurs in the judgment.
SEE and BROWN, JJ., concur in part and concur in the result in part.
HOUSTON and STUART, JJ., dissent.
MOORE, Chief Justice (concurring in the rationale in part and concurring in the judgment).
I concur in issuing the writ on the basis of the double-jeopardy rationale in Part I of the main opinion. I express no opinion on the issue of the timeliness of the State's petition for a writ of mandamus discussed in Part II or on the merits of the trial judge's order discussed in Part III.
SEE, Justice (concurring in part and concurring in the result).
I concur in Parts I and III of the majority opinion, and I would issue the writ on the basis of the reasoning in those parts. However, I believe it is unnecessary to address the issue discussed in Part II.
BROWN, Justice (concurring in part and concurring in the result).
I concur in Part I of the majority opinion, and I concur in the result. However, I believe it is unnecessary to address the issues discussed in Parts II and III of the majority opinion.
HOUSTON, Justice (dissenting).
I believe the Court of Criminal Appeals correctly issued the writ of mandamus. I would deny the petition Judge Herman Thomas filed in this Court; therefore, I dissent.