WISE, Judge
(concurring specially).
I reluctantly concur with the majority’s decision denying the State’s petition for a writ of mandamus based on the Alabama Supreme Court’s holding in Ex parte Thomas, 828 So.2d 952 (Ala.2001).
Mandamus cannot be used to broaden a party’s right of appeal. See generally State v. A.R.C., 873 So.2d 261, 267 (Ala.Crim.App.2003). In Alabama, the State has a limited right to appeal, and that right is conditioned on compliance with certain requirements.[1] The State can appeal a pretrial ruling holding a statute unconstitutional, suppressing evidence, dismissing the charges, quashing an arrest or search warrant, or granting a habeas corpus petition and ordering an individual released from custody. See §§ 12-12-70, 12-22-90, and 12-22-91, Ala.Code 1975, and Rule 15.7, Ala.R.Crim.P. However, the Alabama Rules of Criminal Procedure provide the State no right of appeal from a trial court’s order granting a new trial after a verdict has been returned or a judgment entered. By contrast, 18 U.S.C. § 3371 provides a much broader right for the federal government to appeal than is provided the State in Alabama. That statute provides, in pertinent part:
“In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or *493 order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, or any part thereof, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.
“An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.”
Because Judge Price granted Payne’s motion for a judgment of acquittal before the case was submitted to the jury, the Double Jeopardy Clause bars Payne’s retrial on the theft charges and precludes this Court from reviewing the validity of Judge Price’s ruling.[2] Although amending the Alabama Rules of Criminal Procedure to broaden the State’s right of appeal would serve no purpose in this particular case, such an amendment could prevent possible future injustices from occurring. Accordingly, I urge the Alabama Supreme Court to amend the Alabama Rules of Criminal Procedure to conform with 18 U.S.C. § 3871, allowing the State — in the appropriate circumstances — the right to appeal an order of the trial court granting a new trial after a verdict is returned or a judgment entered, as to any one or more counts, or any part thereof, except where further prosecution is barred by the Double Jeopardy Clause.

. Rule 15.7, Ala.R.Crim.P., governs pretrial appeals by the State. It requires that the State certify that the pretrial appeal is not brought for the purpose of delay and that the order being challenged by the pretrial appeal would be fatal to the prosecution of the charge if not reversed. Rule 15.7(a), Ala.R.Crim.P.

. The single exception to the principle that a judgment of acquittal by a judge precludes reexamination of guilt no less than acquittal by a jury is when a jury returns a verdict of guilty and a trial judge sets aside that verdict and enters a judgment of acquittal. In such a circumstance, the Double Jeopardy Clause does not prohibit an appeal by the prosecution to reinstate the jury’s guilty verdict. See, e.g., Smith v. Massachusetts, 543 U.S. 462, 467, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2004); United States v. Wilson, 420 U.S. 332, 352-53, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).