Lacy Kay Butler appeals the circuit court's denial of his motion made pursuant to § 13A-5-9.1, Ala. Code 1975, to reconsider his sentences of life imprisonment without the possibility of parole imposed upon application of the Habitual Felony Offender Act (the "HFOA") for his October 1984 convictions for first-degree rape and first-degree robbery.[1] See Kirby v. State, 899 So.2d 968
(Ala. 2004).
Butler filed his motion on March 2, 2005, alleging that he was entitled to have his sentences of life imprisonment without the possibility of parole reconsidered because, he said, the three previous felony convictions used by the State for enhancement purposes were for nonviolent offenses. The circuit court initially granted Butler's request for sentence reconsideration on July 13, 2005.[2] The State objected to the court's ruling and, by motion filed on July 26, 2005, requested that the court reconsider its decision resentencing Butler to life imprisonment. The court conducted a hearing on the State's motion on August 31, 2005. On September 2, 2005, the circuit court entered a new order denying Butler's motion for sentence reconsideration, and reinstating the original sentences. This appeal followed.
On appeal, Butler argues that the circuit court erred in denying his motion for reconsideration. Before we reach the merits of Butler's claim, we must address the timing of the court's ruling on the State's motion for reconsideration. The State's motion, although timely, was not ruled upon by the circuit court within 30 days of its original order purporting to grant Butler's motion for reconsideration. As a general rule, a court retains jurisdiction to modify its ruling for 30 days after the ruling being modified was issued. See Statev. Monette, 887 So.2d 314 (Ala.Crim.App. 2004). The recognized exception to this general rule is a motion for a new trial filed pursuant to Rule 24.1(a), Ala. R.Crim.P. (a motion for a new trial may be filed "[w]hen the defendant has been sentenced. . . ."). This Court has not recognized a motion to reconsider the granting of a § 13A-5-9.1 motion as a motion that would fall within the scope of Rule 24, Ala.R.Crim.P., and toll the time for further action by the circuit court or for filing a notice of appeal.
However, the basis for applying the 30-day rule is the premise that the original ruling is legal and valid. A void judgment has no legal effect on later proceedings in a case. As the Alabama Supreme Court recently noted:
 "`A void judgment is one which, from its inception, is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind the parties or to support a right, of no legal force and effect whatever, and incapable of enforcement in any manner or to any degree.'"
Boykin v. Law, 946 So.2d 838, 849 (Ala. 2006) (quotingLoyd v. Director, Dep't of Pub. Safety, 480 So.2d 577,579 (Ala.Civ.App. 1985)).
Here, because the court entered its September 2, 2005, order more than 30 days after its original July 13, 2005, order we *Page 819 
must examine the validity of the court's original order purporting to resentence Butler to life imprisonment. Our examination of the record does not indicate that Butler was eligible for sentence reconsideration because he did not meet the definition of a "nonviolent offender."
In 2001, the Alabama Legislature enacted Act No. 2001-977, Ala. Acts 2001, codified at § 13A-5-9.1, Ala. Code, mandating that the 2000 amendments to the HFOA be applied retroactively. The statute provides:
 "The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."
In Kirby v. State, 899 So.2d 968 (Ala. 2004), the Alabama Supreme Court discussed which inmates were eligible to seek resentencing, stating:
 "Reading § 13A-5-9.1 in conjunction with § 13A-5-9, it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders.
 "We conclude that the state's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the DOC and the Parole Board concerning the inmate's behavior while incarcerated."
899 So.2d at 974 (emphasis added).
While § 13A-5-9.1, Ala. Code 1975, does not specifically define which offenders are considered violent, we can look to caselaw and statutes for guidance in that area. Section13A-11-70, Ala. Code 1975, provides, in pertinent part:
 "For the purposes of this division ['Pistols'], the following terms shall have the respective meanings ascribed by this section:
 . . . .
 "(2) Crime of violence. Any of the following crimes or an attempt to commit any of them, namely, murder, manslaughter] (except manslaughter arising out of the operation of a vehicle), rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping and larceny."
(Emphasis added.)
 "[T]he fact that a crime is defined as a `violent offense' under § 13A-11-70 and/or § 12-25-32, although certainly a relevant and appropriate consideration, is not binding on a circuit court in determining whether an inmate is a `nonviolent convicted offender' within the meaning of § 13A-5-9.1. . . .
 . . . .
 "Of course, the statutory designation of an inmate's underlying offense as a `violent offense' is certainly an important consideration in determining whether an inmate is a `nonviolent convicted offender'; nothing in § 13A-5-9.1 or Kirby *Page 820 
suggests otherwise. However, the statutory designation of an offense is not the only factor a circuit court may consider, and the fact that the inmate's underlying conviction for an offense statutorily defined as a Violent offense' does not preclude a circuit court from considering other factors presented to it, such as the facts and circumstances surrounding the underlying offense, the facts and circumstances surrounding the inmate's prior convictions, the inmate's prison record, and any `other factors brought before the judge in the record of the case.' Kirby, 899 So.2d at 974. . . . [W]hether an inmate is a `nonviolent convicted offender' is based on the totality of the circumstances.
 "By totality of the circumstances, we mean the totality of the information before the circuit court when it rules on the § 13A-5-9.1 motion. A circuit court is not required to solicit additional information before ruling on such a motion. To the contrary, a circuit court may summarily deny a § 13A-5-9.1 motion without holding an evidentiary hearing or otherwise requiring the submission of additional evidence not before it as part of the pleadings, if it so chooses. Nothing in § 13A-5-9.1 or Kirby requires otherwise. In addition, in determining whether an inmate is a `nonviolent convicted offender' within the meaning of § 13A-5-9.1, what weight to afford each factor presented to it is within the circuit court's discretion. A circuit court is not required to make specific findings of fact regarding the weight it affords each factor, and in reviewing a circuit court's determination of whether an inmate is a `nonviolent convicted offender,' this Court will give the circuit court great deference regarding the weight it afforded the factors presented to it, and we will presume that the circuit court properly considered and weighed each factor presented, unless the record affirmatively shows otherwise. See, e.g., Prestwood [v. State, 915 So.2d 580, 583
(Ala.Crim.App. 2005)] (recognizing the limited appellate review of a motion filed under § 13A-5-9.1)."
Holt v. State, 960 So.2d 726, 737-38
(Ala.Crim.App. 2006).
In the present case, Butler was convicted of first-degree rape and first-degree robbery. The trial court conceded in its September 2, 2005, order denying Butler's motion to reconsider his sentences that it had exceeded the scope of its discretion when it originally granted the motion on July 13, 2005. The circuit court stated:
 "At the time that this Court entered its July 13, 2005, order modifying the life without parole sentences, it was under the mistaken impression that it could not rely solely on the convictions that gave rise to these sentences in determining whether the defendant was or is a Violent' offender for purposes of application of Ex parte Kirby. In fact the Court of Criminal Appeals had not issued published opinions since Kirby that would provide trial courts with the guidance necessary to review these cases.[3]
 "The Court of Criminal Appeals has held in several memorandum opinions that the trial court may reasonably conclude that a defendant is a violent offender based upon the offense for which he is convicted.
 "Although the defendant meets the criteria for being a non-violent offender based upon his prior felony convictions and his prison record, the facts underlying *Page 821 
his convictions in this case establish that he is a violent offender who is not eligible for a reduced sentence under Kirby.
 "Therefore, this Court's order of July 13, 2005 setting aside and resentencing the defendant is hereby set aside and rendered void to the extent that it changed the defendant's sentences in this case. He is therefore sentenced to life without parole in the Robbery 1st and Rape 1st cases and to life in the Kidnapping 2nd case."
(R. 115-16.) Although circuit courts have almost absolute discretion to determine whether an inmate is a nonviolent offender within the meaning of § 13A-5-9.1, Ala. Code 1975, we agree with the circuit court that it exceeded its discretion in initially granting Butler's motion for reconsideration. As this Court explained in Holt, a circuit court has absolute discretion in determining what weight to afford the factors presented to it. In its September 2, 2005, order, the circuit court considered all of the factors, gave the most weight to the facts underlying Butler's convictions, and, consistent with Holt, then determined that it had exceeded its discretion in initially determining that Butler was a nonviolent offender. We agree with that determination. Therefore, the July 13, 2005, order was void for lack of jurisdiction. Accordingly, the court retained jurisdiction to substitute its September 2, 2005, legal order. See, e.g.,Sorrells v. State, 667 So.2d 142 (Ala.Crim.App. 1994).
For the reasons stated above, the trial court's judgment in this case is due to be, and is hereby, affirmed.
AFFIRMED.
McMILLAN, P.J., and SHAW, J., concur.
BASCHAB, J., dissents, with opinion, which COBB, J., joins.
[1] As part of this same trial, Butler was also convicted of second-degree kidnapping and was sentenced to life imprisonment. However, Butler did not seek reconsideration of that sentence.
[2] We note that in situations where the circuit court has granted a § 13A-5-9.1 motion, there appears to be no provision under Alabama law for the State to seek appellate review of that ruling. Thus, it seems that the State's only remedy to challenge such a reduction in sentence would be by petitioning this Court for a writ of mandamus filed within seven days from the date of the circuit court's ruling. SeeEx parte Thomas, 828 So.2d 952 (Ala. 2001).
[3] We note that this Court recently issued its opinion inHolt v. State, 960 So.2d 726 (Ala.Crim.App. 2006), in which it discussed Kirby v. State, 899 So.2d 968
(Ala. 2004), and its progeny and provided further guidance to trial courts in ruling on Kirby motions.