I respectfully dissent from the majority's decision to reverse the judgment of the Court of Criminal Appeals and remand this case for that court to address the merits of Jenkins'sKirby motion. In my special writing in Ex parteButler, 972 So.2d 821 (Ala. 2007), I maintain that a presiding judge or a sentencing judge does not have jurisdiction to entertain a motion for sentence reconsideration, as provided in § 13A-5-9.1, Ala. Code 1975, filed by an inmate who has been convicted of an offense that is statutorily defined as a violent offense. Jenkins was convicted of first-degree robbery, an offense that is defined in § 12-25-32(13) a.28, Ala. Code 1975, as a violent offense; therefore, Jenkins is not a "nonviolent convicted offender" under § 13A-5-9.1, and the circuit court never had jurisdiction to entertain Jenkins's motion, regardless of what judge entered the judgment purporting to rule on the motion. That court's judgment is void, and this Court should dismiss this appeal.