In 1984, Lacy Ray Butler was convicted of first-degree rape and first-degree robbery and was sentenced for each offense, as a habitual felony offender, to life imprisonment without the possibility of parole. See § 13A-5-9, Ala. Code 1975. In March 2005, Butler filed a motion pursuant to § 13A-5-9.1, Ala. Code 1975, asking the trial court to reconsider his sentences and to resentence him to life imprisonmentwith the possibility of parole.
"[T]he trial court had jurisdiction pursuant to § 13A-5-9.1
to consider [Butler's] motion to reconsider his sentence."Kirby v. State, 899 So.2d 968, 972 (Ala. 2004). InKirby, this Court discussed the classes of habitual offenders eligible for resentencing, as well as the factors to be considered *Page 823 
by the trial court in determining whether an inmate is a nonviolent offender, stating, in pertinent part:
 "Reading § 13A-5-9.1 in conjunction with § 13A-5-9 [the Habitual Felony Offender Act ('HFOA')], it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders.
 "We conclude that the state's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the DOC [Department of Corrections] and the Parole Board concerning the inmate's behavior while incarcerated. It is axiomatic that only the sentencing judge or the presiding judge should evaluate the inmate's crime and his or her conduct associated with that crime in deciding whether the inmate is a nonviolent offender, just as the judge evaluated those factors at the time the inmate was originally sentenced. Another factor in determining whether the inmate is a non-violent offender, however, should be a consideration of the inmate's conduct while incarcerated, which knowledge is within the purview of the DOC. Section 13A-5-9.1 provides that the DOC will conduct an evaluation of the inmate's performance while incarcerated and submit its evaluation to the court so the judge can take that information into account in determining whether the inmate is eligible for reconsideration of his or her sentence."
899 So.2d at 974 (emphasis added).
On July 13, 2005, Judge John Bush, the presiding judge of the Autauga Circuit Court, granted Butler the relief he sought, stating, in pertinent part:
 "This matter is before the Court upon [Butler's] Motion for Reconsideration of Sentence pursuant to Section 13A-5-9.1 and the Kirby decision.
 . . . .
 "In determining whether [Butler] is a non-violent offender this Court is to look to the nature of [Butler's] underlying conviction, [Butler's] prison record, information submitted concerning [Butler's] behavior while incarcerated, and other factors in the record of the case.
 "Since [Butler] was tried and convicted in October, 1984 before the Hon. Walter C. Hayden, Jr., prior to this Judge coming to the bench, this Court has very little information concerning the underlying conviction. The District Attorney did provide information to the Court at the hearing from his file that indicated that [Butler] abducted a 17-year-old female from a convenience store when she got off of work and took her off and raped her and then returned to the store and forced her to open the safe and took some $3000.00.
 "The Court has reviewed the records submitted by the Department of Corrections. [Butler] has received ten (10) behavior citations and twenty (20) disciplinaries over the almost 21 years that he has been incarcerated. None of those contained any violence. [Butler] did receive a positive report from his *Page 824 
work supervisor indicating that he was a good worker, was respectful to others and did not create a problem.
 "[Butler's] prior felonies upon which his sentence was enhanced were all class C, breaking and entering convictions out of North Carolina. These convictions would be the equivalent of burglary[-in-the-third-degree] convictions in Alabama. Upon reviewing the North Carolina records of [Butler's] prior convictions, the Court also located a 1982 case where [Butler] was convicted of assault on a female, a misdemeanor.
 "Based upon the foregoing, the Court finds in weighing all of the factors that [Butler] may be considered a `non-violent' offender and that the sentence previously imposed upon him is due to be modified."
On July 26, 2005, the State filed a motion asking the trial court to reconsider its ruling on Butler's motion. The State requested that the trial court give greater weight to the violent nature of the offenses of which Butler had been convicted. On August 2, the State supplemented its motion to include a statement from the victim.
On September 2, 2005, the trial court entered an order purporting to set aside its July 13 order and to reinstate Butler's sentences of life imprisonment without the possibility of parole. In its September 2 order, the trial court stated: "Although the defendant meets the criteria for being a non-violent offender based upon his prior felony convictions and his prison record, the facts underlying his convictions in this case establish that he is a violent offender who is not eligible for a reduced sentence under Kirby." Thus deprived of the relief he had sought, and initially obtained, Butler appealed to the Court of Criminal Appeals.
The Court of Criminal Appeals affirmed the trial court's September 2, 2005, order denying Butler's motion for reconsideration of his sentences. Butler v. State,972 So.2d 817 (Ala.Crim.App. 2006). The Court of Criminal Appeals acknowledged the "general rule [that] a court retains jurisdiction to modify its ruling for 30 days after the ruling being modified was issued." Butler, 972 So.2d at 818
(citing State v. Monette, 887 So.2d 314
(Ala.Crim.App. 2004)). However, according to the Court of Criminal Appeals, the 30-day rule is inapplicable where the challenged judgment is void, because "[a] void judgment has no legal effect on later proceedings in a case." Butler,972 So.2d at 818.
Although the September 2 order was entered more than 30 days after the July 13 order, the Court of Criminal Appeals held that the September 2 order was valid because "the July 13, 2005, order was void for lack of jurisdiction. Accordingly, the [trial] court retained jurisdiction to substitute its September 2, 2005, legal order." Butler, 972 So.2d at 821. According to the Court of Criminal Appeals, the July 13 order was void because "the circuit court . . . exceeded its discretion in initially granting Butler's motion for reconsideration." Butler, 972 So.2d at 821.
Butler petitioned this Court for certiorari review, arguing that the Court of Criminal Appeals' decision conflicts with its prior decisions in Loggins v. State, 910 So.2d 146,148 (Ala.Crim.App. 2005)("It is well settled that a circuit court generally retains jurisdiction to modify a judgment for only 30 days after the judgment is entered."); and Ex parteBishop, 883 So.2d 262, 264 (Ala.Crim.App. 2003) ("We can find no case that holds that a timely filed motion to reconsider, filed at the end of a criminal case, extends the jurisdiction of the lower court beyond 30 days."). Relying upon these prior decisions, Butler argues that the trial court was without jurisdiction to enter its September 2, 2005, order denying *Page 825 
his motion for sentence reconsideration and reinstating the original sentences. We agree with Butler; thus, we reverse the judgment of the Court of Criminal Appeals.
"[A] trial court derives its jurisdiction from the Alabama Constitution and the Alabama Code." Ex parte Seymour,946 So.2d 536, 538 (Ala. 2006). Subject-matter jurisdiction concerns a court's power to adjudicate a case, not the merits of the court's decision in the case.
 "Jurisdiction is `[a] court's power to decide a case or issue a decree.' Black's Law Dictionary
867 (8th ed.2004). Subject-matter jurisdiction concerns a court's power to decide certain types of cases. Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (191 DC "By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought."' (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316 (1870))). That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31 (2002)(subject-matter jurisdiction refers to a court's `statutory or constitutional power' to adjudicate a case)."
Seymour, 946 So.2d at 538.
Faced with this Court's decision in Kirby, the State concedes, as it must, that "the [trial court] possessed subject-matter jurisdiction to adjudicate Butler's Kirby
motion under Section 13A-5-9.1." State's supplemental brief, at 3. Necessarily included within the trial court's power was "the authority under the statute to determine whether a defendant is a nonviolent offender." Kirby,899 So.2d at 974. Consequently, the trial court had subject-matter jurisdiction to enter its July 13 order regardless of any alleged error in its decision. Thus, the Court of Criminal Appeals erred in holding that the July 13 order was void for lack of jurisdiction. Consequently, the premise for the Court of Criminal Appeals' holding that the trial court retained jurisdiction to enter its September 2, 2005, order fails as a matter of law.
The State argues that an alternative rationale supports the Court of Criminal Appeals' conclusion that the trial court's July 13 order was void. Specifically, the State contends that "Butler's modified sentence — following the grant of hisKirby motion — was an illegal sentence." State's supplemental brief, at 5. This argument, however, is without merit.
"[A] trial court does not have [subject-matter] jurisdiction to impose a sentence not provided for by statute." Hollis v.State, 845 So.2d 5, 6 (Ala.Crim.App. 2002). However, in this case, the trial court did not "impose a sentence not provided for by statute." Instead, after exercising its authority to determine whether Butler is a nonviolent offender, the trial court resentenced Butler to life imprisonment, a sentence provided for by the Habitual Felony Offender Act as amended in 2000. See § 13A-5-9(c)(3), Ala. Code 1975 (applied retroactively pursuant to § 13A-5-9.1). At its core, the State's illegal-sentence argument is "based on [its contention] that, because Butler was a `violent offender,' the trial court did not possess jurisdiction to modify his sentence." State's supplemental brief, at 4. Thus, the State's alternative rationale and the rationale of the Court of Criminal Appeals share a fundamental flaw. Each rationale improperly focuses on the merits of the trial court's initial decision instead of only the jurisdictional issue, namely, the trial court's authority to make that decision.[1] *Page 826 
For the foregoing reasons, the judgment of the Court of Criminal Appeals is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LYONS and BOLIN, JJ., concur.
MURDOCK, J., concurs specially.
SEE, SMITH, and PARKER, JJ., concur in the result.
STUART, J., dissents.
COBB, C.J., recuses herself.
[1] Because the trial court's July 13 order is not void void, we need not consider the procedure, if any, by which a party may challenge a judgment.