I reluctantly concur with the main opinion's reversal of the circuit court's denial of Gates's motion for sentence reconsideration, based on the holding of the Alabama Supreme Court in Ex parte Butler, 972 So.2d 821 (Ala. 2007). This Court is bound by decisions of the Alabama Supreme Court, see § 12-3-16, Ala. Code 1975, and "is without authority to overrule the decisions of [that] court." Jones v. City ofHuntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972). Thus, we have no choice; we must reverse the circuit court's order granting the State's motion to reconsider its order entered on March 15, 2005, in which it found that Gates was a nonviolent convicted offender and thus eligible for sentence reconsideration under § 13A-5-9.1, Ala. Code 1975. In light of the Supreme Court's decision in Ex parte Butler, it is clear that the appropriate course of action to be taken by the State when dissatisfied with the circuit court's ruling on an inmate's motion for sentence reconsideration is by petitioning for a writ of mandamus.[2] Because, however, the State *Page 628 
failed to do so in this case, the circuit court's resentencing of Gates in its March 15, 2005, order remains valid.
However, I also write to urge the Supreme Court to revisit its holding in Ex parte Butler, and to express my agreement with Justice Stuart's dissent in that case. In her dissent, Justice Stuart noted:
 "In my dissent in Holt v. State, 960 So.2d 740, 748 (Ala. 2006), I stated: `[I]f an inmate has been convicted of a violent offense, he is a violent offender and is not eligible for sentence reconsideration under § 13A-5-9.1, Ala. Code 1975.' Thus, in my opinion, a court does not have jurisdiction to entertain a motion for sentence reconsideration filed by an inmate who has been convicted of an offense that is statutorily defined as a violent offense."
972 So.2d at 827 (emphasis added).
Justice Stuart further stated in her dissent that her interpretation of § 13A-5-9.1 was consistent with the strict construction applied by the Supreme Court in Kirbyv. State, 899 So.2d 968 (Ala. 2004), when it held that only the sentencing judge or presiding judge had jurisdiction to consider a motion to reconsider sentence, noting:
 "I maintain that a consistent strict construction of § 13A-5-9.1 also requires that jurisdiction vests in `the sentencing judge or presiding judge' to consider motions for sentence reconsideration only when the motion is filed by a `nonviolent convicted offender.' Therefore, if an inmate has been convicted of an offense that is defined by statute as a violent offense, he is a violent offender, and the sentencing judge or the presiding judge does not have jurisdiction to entertain the motion. To the extent this statement conflicts with Kirby, I would overrule Kirby.
 "Here, Butler was convicted of first-degree rape and first-degree robbery, which are both violent offenses as defined by the legislature, see §§ 12-25-32(12) and 12-25-32(13)a.10 and a.28, Ala. Code 1975. Butler is a violent offender as a matter of law; consequently, neither the sentencing judge nor the presiding judge had jurisdiction to consider Butler's motion for sentence reconsideration under § 13A-5-9.1, Ala. Code 1975. Because in my opinion the court never acquired jurisdiction to consider Butler's motion for sentence reconsideration under § 13A-5-9.1, Ala. Code 1975, the court did not have jurisdiction to enter its July 13 order, and that order is void."
972 So.2d at 828.
Although I originally concurred with this Court's opinion inHolt v. State, 960 So.2d 726 (Ala.Crim.App. 2006), writ quashed, 960 So.2d 740 (Ala. 2006), I am now persuaded by Justice Stuart's dissents in both Holt v. State andEx parte Butler, supra, that this Court's decision inHolt was an overly broad construction of both § 13A-5-9.1 and the Supreme Court's opinion in Kirby v.State. Here, just as in Butler, the circuit court — relying, at least in part, on this Court's rationale inHolt v. State — granted an inmate's motion for sentence reconsideration despite the fact that Gates had been convicted of a violent offense. In my opinion, the circuit court lacked jurisdiction to find that Gates was a nonviolent convicted offender, given that he was convicted of first-degree robbery — a statutorily defined violent offense. See § 12-25-32(13)a.28, Ala. Code 1975. Additionally, during the robbery, Gates shot the robbery victim in the back as the victim was attempting to crawl to safety — conduct not usually attributable to a nonviolent convicted offender. To the extent that this Court's decision in Holt v. State
allows violent convicted offenders such as Gates relief from the sentence imposed as a resuit *Page 629 
of their violent conduct, our decision should also be revisited to prevent injustices such as this one from occurring in future cases. Clearly, this could not have been the intent of the Alabama Legislature when it enacted § 13A-5-9.1, Ala. Code 1975.
[2] We note that the State has only a limited right to appeal from an adverse ruling. See §§ 12-12-70, 12-22-90, and12-22-91, Ala. Code 1975; and Rule 15.7, Ala.R.Crim.P. In situations where the circuit court has granted a § 13A-5-9.1 motion, there appears to be no provision under Alabama law for the State to seek appellate review of that ruling. Thus, the State's only remedy would be by petitioning this Court for a writ of mandamus filed within seven days from the date of the circuit court's ruling. See Ex parteThomas, 828 So.2d 952 (Ala. 2001).