974 So.2d 307 (2007)
Ex parte Edward Dwight COLEMAN.
(In re Edward Dwight Coleman
v.
State of Alabama).
1060909.
Supreme Court of Alabama.
May 25, 2007.
Edward Dwight Coleman, pro se.
Submitted on petitioner's brief only.
PER CURIAM.
WRIT DENIED. NO OPINION.
SEE, LYONS, WOODALL, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
STUART, J., dissents.
COBB, C.J., recuses herself.
STUART, Justice (dissenting).
Consistent with my opinion expressed in Ex parte Butler, 972 So.2d 821 (Ala.2007), and Ex parte Jenkins, [Ms. 1051778, March 16, 2007] ___ So.2d ___ (Ala.2007), I maintain that a presiding judge or a sentencing judge does not have jurisdiction to entertain a motion for sentence reconsideration filed pursuant to § 13A-5-9.1, Ala.Code 1975, by an inmate who has been convicted of an offense that is statutorily defined as a violent offense. Edward Dwight Coleman was convicted of attempted murder, an offense that is defined in § 12-25-32(13)a.2 and (13)c, Ala.Code 1975, as a violent offense; therefore, Coleman is not a "nonviolent convicted offender" for purposes of § 13A-5-9.1, and the circuit court never had jurisdiction to entertain Coleman's motion. That court's judgment is void, and this Court should dismiss this petition. Therefore, I respectfully dissent.
Additionally, if the merits of this case were properly before us for review, I would disagree with the reasoning applied by the Court of Criminal Appeals in its unpublished memorandum affirming the judgment of the circuit court. Coleman v. State (No. CR-06-0026, Feb. 16, 2007), So.2d (Ala.Crim.App.2007). (table). In its unpublished memorandum, the Court of Criminal Appeals, relying on Wells v. State, 941 So.2d 1008, 1009 (Ala. Crim.App.2005), held that the circuit court properly denied Coleman's motion for sentence reconsideration because the circuit court did not have jurisdiction to consider *308 Coleman's second or successive motion for sentence reconsideration. I disagree with the reasoning of the Court of Criminal Appeals in Wells and now in this case that a circuit court must summarily deny a second or successive motion for sentence reconsideration in a particular case because the circuit court loses its "jurisdiction."
Alabama appellate courts have used the term "jurisdiction" loosely throughout the years and thereby have created confusion as to when a circuit court has jurisdiction to decide a case. In Ex parte Seymour, 946 So.2d 536 (Ala.2006), this Court began to undo the confusion with regard to the term "jurisdiction" and the meaning of that term by unequivocally stating that a circuit court's jurisdiction is "derived from the Alabama Constitution and the Alabama Code" and, therefore, that "a defect in an indictment could not divest a court of its power to hear the case." Ex parte Seymour, 946 So.2d at 538.
I maintain that just as a defect in an indictment does not deprive a circuit court of jurisdiction to hear a case, a circuit court is not deprived of jurisdiction to rule on a motion for sentence reconsideration in a particular case merely because the motion is a second or successive motion for sentence reconsideration. In other words, the fact that a motion is a second or successive motion to reconsider a particular sentence does not divest the circuit court of "its power to hear the case." The circuit court has the jurisdiction to entertain a motion for sentence reconsideration, pursuant to the Alabama Code,[1] and the circuit court has jurisdiction to consider a second or successive motion for reconsideration of a sentence that the circuit court has already considered. The reason that the second or successive motion for sentence reconsideration must be summarily denied is not that the circuit court loses jurisdiction; rather, it is because the circuit court has already considered a motion for reconsideration on the particular sentence, has satisfied the defendant's right to due process, and has found that the relief sought is not warranted. Cf. Duke v. State, 48 Ala.App. 188, 190, 263 So.2d 165, 167 (1971) (explaining that res judicata "`applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."'" (quoting Commissioner v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948))). Although the circuit court retains jurisdiction, the circuit court is not required to entertain a second or successive motion for a reconsideration of that sentence; thus, such a motion warrants summary denial.
NOTES
[1] The court's jurisdiction to entertain motions for sentence reconsideration rests in § 135-9.1, Ala.Code 1975. See Ex parte Butler, 972 So.2d at 825 ("`[T]he [trial court] possessed subject-matter jurisdiction to adjudicate [a motion for sentence reconsideration] under Section 13A-5-9.1.'" (quoting Kirby v. State, 899 So.2d 968, 974 (Ala.2004))).