This Court is bound by decisions of the Alabama Supreme Court, see § 12-3-16, Ala. Code 1975, and "is without authority to overrule the decisions of [that] court." Jonesv. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288,290 (1972). Thus, we have no choice; we must reverse the circuit court's order granting the State's motion to reconsider its order entered on July *Page 829 
13, 2005, in which it granted Lacy Ray Butler's motion for sentence reconsideration based on its finding that Butler was a nonviolent convicted offender. In light of the Supreme Court's decision in Ex parte Butler, 972 So.2d 821 (Ala. 2007), it appears that the appropriate course of action to be taken by the State when it is dissatisfied with the circuit court's ruling on an inmate's motion for sentence reconsideration is to petition this Court for a writ of mandamus, rather than file a motion for reconsideration.[1] Because, however, the State failed to do so in this case, the circuit court's resentencing of Butler in its July 13, 2005, order remains valid.
However, I write specially to urge the Supreme Court to revisit its holding in Ex parte Butler, and to express my agreement with Justice Stuart's dissent in that case. In her dissent, Justice Stuart noted:
 "In my dissent in Holt v. State, 960 So.2d 740, 748 (Ala. 2006), I stated: `[I]f an inmate has been convicted of a violent offense, he is a violent offender and is not eligible for sentence reconsideration under § 13A-5-9.1, Ala. Code 1975.' Thus, in my opinion, a court does not have jurisdiction to entertain a motion for sentence reconsideration filed by an inmate who has been convicted of an offense that is statutorily defined as a violent offense."
972 So.2d at 827 (emphasis added).
Justice Stuart further stated in her dissent that her interpretation of § 13A-5-9.1 was consistent with the strict construction applied by the Supreme Court in Kirbyv. State, 899 So.2d 968 (Ala. 2004), when it held that only the sentencing judge or presiding judge had jurisdiction to consider a motion for sentence reconsideration, noting:
 "I maintain that a consistent strict construction of § 13A-5-9.1 also requires that jurisdiction vests in `the sentencing judge or presiding judge' to consider motions for sentence reconsideration only when the motion is filed by a `nonviolent convicted offender.' Therefore, if an inmate has been convicted of an offense that is defined by statute as a violent offense, he is a violent offender, and the sentencing judge or the presiding judge does not have jurisdiction to entertain the motion. To the extent this statement conflicts with Kirby, I would overrule Kirby.
 "Here, Butler was convicted of first-degree rape and first-degree robbery, which are both violent offenses as defined by the legislature, see §§ 12-25-32(12), 12-25-32(13)a.10. and a.28., Ala. *Page 830 
Code 1975. Butler is a violent offender as a matter of law; consequently, neither the sentencing judge nor the presiding judge had jurisdiction to consider Butler's motion for sentence reconsideration under § 13A-5-9.1, Ala. Code 1975. Because in my opinion the court never acquired jurisdiction to consider Butler's motion for sentence reconsideration under § 13A-5-9.1, Ala. Code 1975, the court did not have jurisdiction to enter its July 13 order, and that order is void."
972 So.2d at 828.
Although I originally concurred with this Court's opinion inHolt v. State, 960 So.2d 726 (Ala.Crim.App.), writ quashed, 960 So.2d 740 (Ala. 2006), and joined Judge Baschab's special concurrence, I am now persuaded by Justice Stuart's dissents both to the order quashing the writ in Holt v.State and to the opinion in Ex parte Butler, supra, that this Court's decision in Holt was an overly broad construction of both § 13A-5-9.1 and the Alabama Supreme Court's opinion in Kirby v. State.
Here, just as in Butler, the circuit court — relying, at least in part, on this Court's rationale inHolt v. State — granted Butler's motion for sentence reconsideration despite the fact that Butler had been convicted of a violent offense. In my opinion, the circuit court lacked jurisdiction to find that Butler was a nonviolent convicted offender, given that he had been convicted of first-degree rape and first-degree robbery — both of which are statutorily defined violent offenses. See § 12-25-32(13)a.10. and a.28., Ala. Code 1975. The record further established that as the victim was leaving her place of employment — a convenience store — Butler forced her into her car at gunpoint, drove her to a deserted dirt road and raped her, while still holding the gun on her. Butler then took the victim back to her workplace, where — at gunpoint — he forced her to open the safe and give him the money inside. As he fled, Butler told the victim that he had her driver's license, that he knew where she lived, and that he would find her and kill her if she reported the incident to the police — conduct totally inconsistent with a "nonviolent convicted offender." Indeed, the victim set out her feelings regarding the circuit court's resentencing Butler to a sentence allowing Butler to become eligible for release from prison in her written statement accompanying the State's supplement to its motion to reconsider. Although more than 20 years had passed since the offense, even the mere possibility of Butler's release terrified the victim:
 "I fear for my life to this day. I at least can live knowing he is behind bars, but not if he is out. This is a violent man. I thought he was going to kill me in those woods and [no one would ever] know what happened to me. I was terrified. Anyone that would rape, rob, and kidnap someone in my opinion should never be given a chance to be out in a normal lifestyle. I pray that someone give me a chance to keep this animal where he belongs. I feel I will be the one he will be looking for because I am the one that put him [in prison]. Every time I think about him it brings back all the awful events of that horrible night. I am scared to death of this man."
(C. 98-99.)
Given these circumstances, it could not have been the intent of the Alabama Legislature, when it enacted § 13A-5-9.1, Ala. Code 1975, to allow overtly violent recidivists like Butler ever to be classified as nonviolent and, as a result, to be eligible for parole. Accordingly, to the extent that this Court's decision in Holt v. State allows violent convicted offenders such as Butler relief from the sentence imposed as a result of their violent conduct, that decision should be revisited to prevent an injustice *Page 831 
such as this one from occurring in future cases.
[1] We note that the State has only a limited right to appeal an adverse ruling. The State may appeal a ruling holding a statute unconstitutional, a pretrial ruling suppressing evidence, a pretrial ruling dismissing the charges, a ruling granting a habeas corpus petition and ordering an individual's release from custody, or a ruling granting a petition for postconviction relief. See §§ 12-12-70, 12-22-90, and12-22-91, Ala. Code 1975; Rule 15.7, Ala.R.Crim.P.; and Rule 32.10, Ala.R.Crim.P. In situations where the circuit court has granted a § 13A-5-9.1 motion, there appears to be no provision under Alabama law for the State to seek appellate review of that ruling. Accordingly, the State's only remedy would be by petitioning this Court for a writ of mandamus filed within seven days from the date of the circuit court's ruling, see Ex parte Thomas, 828 So.2d 952 (Ala. 2001), because a motion to reconsider does not toll the time for filing a petition for a writ of mandamus. See Ex parte Sharp,893 So.2d 571, 575 (Ala. 2003). Thus, although the State could file a motion for reconsideration, and the circuit court would have the authority to modify its order within 30 days of its entry, the State would have no recourse if the court denied the motion for reconsideration more than seven days after the entry of its original order.