I recognize the principle of stare decisis, and in light of this Court's decision in Ex parte Butler,972 So.2d 821 (Ala. 2007), that a circuit court has jurisdiction to entertain a Kirby[7] motion for sentence reconsideration under § 13A-5-9.1, Ala. Code 1975, filed by an inmate who has been convicted of an offense that is statutorily defined as a violent offense, I concur specially in the majority's decision to consider the merits of this petition. I fully concur with this Court's decision to overrule the holding in Wells v. State, 941 So.2d 1008, 1009
(Ala.Crim.App. 2005), that "the circuit court will *Page 438 
not have jurisdiction to consider any second or successive motions for reconsideration filed by that defendant in that particular case." See my special writings in Ex parteColeman, 974 So.2d 307, 308 (Ala. 2007), and Ex parteJenkins 992 So.2d 1248, 1251 (Ala. 2007).
I, however, adhere to my dissents in Ex parte Jones,953 So.2d 1210, 1210 (Ala. 2006); Holt v. State,960 So.2d 740, 744 (Ala. 2006); Ex parte Butler,972 So.2d at 827; and Ex parte Jenkins, and I continue to maintain that "if an inmate has been convicted of an offense that is defined by statute as a violent offense, he is a violent offender, and the sentencing judge or the presiding judge does not have jurisdiction to entertain the [Kirby] motion." Butler, 972 So.2d at 827.
Lastly, Justice Murdock in his special writing questions "whether a decision or an opinion of this Court constitutes `evidence' or `facts' within the contemplation of Rule 32.1(e)." Although this statement warrants further consideration, such consideration is not appropriate in this case because this Court is reviewing a judgment addressing a motion for sentence reconsideration filed pursuant to § 13A-5-9.1, Ala. Code 1975, not a judgment addressing a Rule 32, Ala. R.Crim. P., petition.[8] Rule 32, Ala. R.Crim. P., does not provide a ground for relief from a decision on a motion for sentence reconsideration filed pursuant to § 13A-5-9.1, Ala. Code 1975; therefore, Rule 32 has no applicability to this case.
PARKER, J., concurs.
[7] Kirby v. State, 899 So.2d 968 (Ala. 2004).
[8] Gunn concedes that although his pleading in the trial court was styled as a Rule 32 petition, the pleading operated substantively as a motion for sentence reconsideration and sought relief pursuant to § 13A-5-9.1, Ala. Code 1975.