The appellant, William Henry Gates, appeals from the denial of his motion to reconsider his sentence, filed pursuant to *Page 625 
§ 13A-5-9.1, Ala. Code 1975. Gates was convicted of robbery in the first degree on June 3, 1982, and was sentenced to life imprisonment without parole, as a habitual offender with five prior felony convictions.
Gates's motion for sentence reconsideration was initially granted by the trial court on March 15, 2005, and his sentence was modified to life imprisonment, with credit given for all time already served. In his order, Judge John B. Bush, presiding judge of the 19th Judicial Circuit, wrote:
 "In determining whether the Defendant is a non-violent offender this Court is to look to the nature of the Defendant's underlying conviction, the Defendant's prison record, information submitted concerning the Defendant's behavior while incarcerated, and other factors in the record of this case. Since the Defendant was indicted in 1981 and convicted for Robbery 1st in June, 1982, this Court has no information other than what is contained in the indictment regarding the underlying conviction.
 "The Court has reviewed the records submitted by the Department of Corrections. The Defendant has received nine (9) disciplinaries over the more than 23 years that he has been incarcerated. Of those, only one, in February, 1984, for fighting without a weapon, contained any violence at all. The defendant has completed substance abuse programs, gambler's anonymous and spiritual training while incarcerated.
 "The Defendant's prior felonies upon which his sentence was enhanced were all class C, larceny and burglary convictions.
 "Based upon the foregoing, the Court finds that the Defendant is a `non-violent' offender and that the sentence previously imposed upon him is due to be modified.
 "It is therefore ORDERED that the life without parole sentence previously imposed is hereby set aside and the Defendant is sentenced to serve a sentence of life in the penitentiary with credit given for time already served."
On March 22, 2006, the district attorney filed a motion to reconsider and motion for temporary restraining order, stating that the State did not have a copy of the Court's March 15, 2005, order in its file, [1] and was not aware of that order until
notified by the victim in this case that he had been contacted by the Board of Pardons and Paroles regarding a parole hearing being set for Gates. The district attorney contended that the court's file did not contain sufficient information for the court to determine the underlying facts of this case and that Gates had fraudulently misrepresented that he was a nonviolent offender.
Along with the motion, the district attorney submitted his own affidavit and affidavits from the victim of the robbery and a witness who subdued Gates after the robbery, and a copy of the State's brief in Gates's appeal of his first-degree-robbery conviction. The district attorney further asked the Court to set a hearing so that he could be heard on this matter.
After entering an order directed to the Department of Corrections (DOC), telling DOC not to take any action until further notified, the circuit court held a hearing on June 27, 2006. The State noted the affidavit of Marion Jones, the victim, that in the course of robbing Central Deli restaurant, after he was given the money, and with *Page 626 
Jones asking for his life, Gates shot Jones and then shot him again as he left the store.
Jones further testified about the robbery, after being asked whether Gates was a violent offender in the robbery committed against him:
 "He meant to kill me. When I give him the money, I told him, go ahead and get whatever else you want, just don't harm me. He reached and grabbed me by the hair in one hand, the gun in the other, and — you know, all I can say is the good Lord told me to just pull away from him, and I dove to the floor. And in the process, he shot me in the back. I started crawling, and I had crawled probably three, four feet, he shot again. And I really believe he meant to kill me. He parked his car right there at the door in front of the store with the tag facing me. Now, would you do that if you thought there was any chance that somebody was going to get that tag number? I was meant to be a dead man that day."
After the hearing, Judge Bush determined that the facts of his underlying conviction proved that Gates was a violent offender. Noting that prior record keeping had been different in earlier years when some offenders seeking reconsideration committed their crimes, Judge Bush said, "It sure does put me and a lot of other judges in this state in a horrible, horrible position, to try to come back and reinvent the wheel on something that happened 25, 27 years ago, because that's almost impossible."
In his June 30, 2006, order holding that Gates was indeed a violent offender, Judge Bush said:
 "Based on the record and information that this Court had before it at the time of its March 15, 2005, Order, no determination of violence could be made regarding the underlying offense. As this Court stated in that Order, `[S]ince the Defendant was indicted in 1981 and convicted of Robbery 1st in June, 1982, this Court has no information other than what is contained in the indictment regarding the underlying conviction.'
 ". . .
 ". . . Based upon my experience over the years, I can not remember a case where a Defendant was `under charged' to such an extent as this one. Why this Defendant was not charged with and tried for Attempted Murder totally baffles me."
On appeal, Gates's sole claim is that the circuit court was without subject-matter jurisdiction on June 30, 2006, to reinstate the June 4, 1982, sentence of life imprisonment without parole, which was reduced to a sentence of life imprisonment on March 15, 2005, because the State's motion seeking reconsideration after Judge Bush's March 15, 2005, order was filed later than 30 days from the granting of his original § 13A-5-9.1 motion.
The State relies on this Court's ruling in Butler v.State, 972 So.2d 817 (Ala.Crim.App. 2006), in which we held that the trial court in entering the first order granting Butler's motion for sentence reconsideration exceeded its discretion because Butler did not meet the definition of a nonviolent offender; thus, that order was void for lack of jurisdiction. We further held that the 30-day rule, pursuant to which a court retains jurisdiction to modify a ruling for 30 days after the ruling is entered, is inapplicable where the challenged judgment is void, because a void judgment has no legal effect on later proceedings in a case.
On March 16, 2007, the Supreme Court of Alabama reversed this Court's judgment in Butler, stating that the circuit court had subject-matter jurisdiction to enter its initial *Page 627 
order regardless of any alleged error in its decision.Ex parte Butler, 972 So.2d 821 (Ala. 2007).
 "Faced with this Court's decision in Kirby, the State concedes, as it must that, `the [trial court] possessed subject-matter jurisdiction to adjudicate Butler's Kirby motion under Section 13A-5-9.1.' . . . Necessarily included within the trial court's power was `the authority to determine whether a defendant is a non-violent offender.' Kirby, 899 So.2d at 974."
Ex parte Butler, 972 So.2d at 825.
In Gates's case, the State's motion to reconsider the circuit court's March 15, 2005, order was filed on March 23, 2006, more than 1 year after the initial order was issued and well outside the 30-day period in which the court retains jurisdiction. As was the case in Ex parte Butler, the trial court's March 15, 2005, judgment determined that Gates was a nonviolent convicted offender.
 "Thus, even if § 13A-5-9.1 gave the trial judge jurisdiction only in those cases in which it is ultimately determined that the inmate seeking sentence reconsideration is a nonviolent convicted offender, the [March 15, 2005] judgment was tantamount to a decision by the trial judge that [Gates's] case met the jurisdictional requirements of that statute. Furthermore, that decision and the concomitant relief ordered by the trial judge constituted a final judgment, which after 30 days, the trial court no longer had jurisdiction to alter, amend, or vacate."
Ex parte Butler, 972 So.2d at 826 (Murdock, J., concurring specially).
Based on the foregoing, the June 30, 2006, judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BASCHAB, P.J., and SHAW and WELCH, JJ., concur; WISE, J., concurs specially, with opinion.
[1] The district attorney's office acknowledged that a copy of the order was later found out of place in the court file.