987 So.2d 629 (2007)
Ex parte State of Alabama.
(In re William Henry GATES
v.
STATE of Alabama).
1061451.
Supreme Court of Alabama.
November 30, 2007.
Troy King, atty. gen., and Stephanie N. Morman and J. Thomas Leverette, asst. atty. gen., for petitioner.
Submitted on petitioners's brief only.
Prior report: Ala.Crim.App., 987 So.2d 624.
BOLIN, Justice.
WRIT DENIED. NO OPINION.
COBB, C.J., and SEE, LYONS, and WOODALL, JJ., concur.
SMITH and MURDOCK, JJ., concur specially.
STUART and PARKER, JJ., dissent.
SMITH, Justice (concurring specially).
Alabama Code 1975, § 13A-5-9.1, provides for the retroactive application of Ala. Code 1975, § 13A-5-9. See Kirby v. State, 899 So.2d 968, 971 (Ala.2004). Pursuant to § 13A-5-9.1, a "nonviolent convicted offender" in certain situations may ask the sentencing judge or the presiding judge for relief from a previous sentence imposed pursuant to the Habitual Felony Offender Act. 899 So.2d at 971. Section 13A-5-9.1 states:
"The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or, if the sentencing judge is no longer in office, by any circuit judge appointed by the presiding judge, for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."[1]
In this case, the petitioner, William Henry Gates, filed a Kirby motion pursuant to § 13A-5-9.1 seeking a modification of his 1982 sentence of life imprisonment without the possibility of parole. The trial court held that Gates was a nonviolent offender, granted the Kirby motion, and on March 15, 2005, modified the sentence to life imprisonment. On March 22, 2006, over a year later, the State filed a motion asking the trial court to "reconsider" its order, contending that the trial court did not have sufficient information when it held that Gates was a nonviolent offender and modified his sentence pursuant to § 13A-5-9.1.
*630 After a hearing, the trial court determined that Gates was in fact a violent offender and, thus, was not eligible under § 13A-5-9.1 for modification of his sentence. The trial court purported to reinstate Gates's 1982 sentence of life imprisonment without the possibility of parole. Gates appealed to the Court of Criminal Appeals, arguing that the State's motion to reconsider the sentence modification was untimely and that the trial court did not have jurisdiction to rule on it.
On appeal, the State argued that the trial court's initial order modifying Gates's sentence was void for lack of jurisdiction because Gates did not meet the definition of a "nonviolent convicted offender." However, the Court of Criminal Appeals, citing Ex parte Butler, 972 So.2d 821 (Ala. 2007), held that the trial court did have jurisdiction to rule on Gates's Kirby motion but did not have jurisdiction to rule on the untimely motion to reconsider:
"In Gates's case, the State's motion to reconsider the circuit court's March 15, 2005, order was filed on March 23, 2006, more than 1 year after the initial order was issued and well outside the 30-day period in which the court retains jurisdiction. As was the case in Ex parte Butler, the trial court's March 15, 2005, judgment determined that Gates was a nonviolent convicted offender.
"`Thus, even if § 13A-5-9.1 gave the trial judge jurisdiction only in those cases in which it is ultimately determined that the inmate seeking sentence reconsideration is a nonviolent convicted offender, the [March 15, 2005,] judgment was tantamount to a decision by the trial judge that [Gates's] case met the jurisdictional requirements of that statute. Furthermore, that decision and the concomitant relief ordered by the trial judge constituted a final judgment, which after 30 days, the trial court no longer had jurisdiction to alter, amend, or vacate.'"
Gates v. State, 987 So.2d 624, 627 (Ala. Crim.App.2007) (quoting Ex parte Butler, 972 So.2d at 826 (Murdock, J., concurring specially)).
In examining the issue whether a trial court has jurisdiction to decide a Kirby motion, I agree with the following expressed by Justice Murdock in his special writing in Ex parte Butler: "I conclude that the `sentencing judge and the presiding judge' have jurisdiction to decide the cases of inmates asserting that they are nonviolent convicted offenders within the contemplation of § 13A-5-9.1, as opposed to only those cases where it is ultimately determined that the inmate is a nonviolent convicted offender." 972 So.2d at 826 (Murdock, J., concurring specially). Although a trial court could err or exceed its discretion in holding that a violent offender is a non violent offender, such a holding is not void because of lack of jurisdiction. It is thus important for the State to timely and effectively respond to a Kirby motion and for circuit courts to give careful and complete consideration when ruling on such a motion.
MURDOCK, J., concurs.
STUART, Justice (dissenting).
In its petition for a writ of certiorari, the State asks this Court to overrule Ex parte Butler, 972 So.2d 821 (Ala.2006). In Butler, this Court held that a trial court has subject-matter jurisdiction to entertain a motion for sentence reconsideration filed pursuant to § 13A-5-9.1, Ala.Code 1975, even if the inmate filing the motion had been convicted of an offense defined by statute as a violent offense. I dissented from the decision in Butler, stating in pertinent part:

*631 "I maintain that a consistent construction of § 13A-5-9.1 ... requires that jurisdiction vests in `the sentencing judge or presiding judge' to consider motions for sentence reconsideration only when the motion is filed by a `nonviolent convicted offender.' Therefore, if an inmate has been convicted of an offense that is defined by statute as a violent offense, he is a violent offender, and the sentencing judge or the presiding judge does not have jurisdiction to entertain the motion."
I adhere to my dissent in Butler; I would issue the writ in this case and overrule Butler. Therefore, I respectfully dissent from this Court's denial of the petition for the writ of certiorari.
PARKER, J., concurs.
NOTES
[1] Section 13A-5-9.1 was amended effective June 14, 2007. Before that amendment, § 13A-5-9.1 stated that the provisions of § 13A-5-9 were to be applied retroactively "by the sentencing judge or presiding judge."