On October 11, 1996, the appellant, James Edward Wells, was convicted of attempted murder. On November 22, 1996, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole. See §13A-5-9(c)(3), Ala. Code 1975. On November 8, 2004, the appellant filed a motion for reconsideration of his sentence pursuant to § 13A-5-9.1, Ala. Code 1975. The circuit court summarily denied the motion, and the appellant appealed that denial to this court. We affirmed the circuit court's judgment in an unpublished memorandum and issued a certificate of judgment on May 11, 2005. See Wells v. State, (CR-04-0818, April 22, 2005) 926 So.2d 1088 (Ala.Crim.App. 2005) (table). On June 14, 2005, the appellant filed a second motion for reconsideration of his sentence pursuant to § 13A-5-9.1, Ala. Code 1975. The circuit court summarily denied the motion, and this appeal followed.
The appellant argues that the circuit court abused its discretion in denying his motion for reconsideration of his sentence. Because this is the second motion for reconsideration of sentence the appellant has filed, we must determine whether the circuit court was required to consider the motion at all.
At the outset, we note that neither § 13A-5-9.1, Ala. Code 1975, nor Kirby v. State, 899 So.2d 968 (Ala. 2004), specifically mentions the filing of more than one such motion. We further note that, in Kirby, 899 So.2d at 971, the Alabama Supreme Court stated:
 "By requiring in § 13A-5-9.1 that the provisions of § 13A-5-9 are to be applied retroactively, however, the Legislature vested jurisdiction in the sentencing judge or the presiding judge to reopen a case more than 30 days after a defendant has been sentenced."
(Emphasis added.) Thus, as we explained in Prestwood v.State, 915 So.2d 580 (Ala.Crim.App. 2005), a §13A-5-9.1 motion involves reopening an existing case. Requiring that a circuit court consider a second or successive motion for reconsideration of sentence would not only waste the scarce resources of an already overburdened judicial system, but also would preclude finality of judgment in a case. We are aware that
 "we must strike a proper balance between our interest in preserving the finality of judgments, and, thus, promoting the efficient administration of criminal justice, and our interest in safeguarding the rights of the accused. A careful balancing of these concerns is, in our view, necessary to foster stability and confidence in the judicial system."
Ex parte Frazier, 562 So.2d 560, 569 (Ala. 1989).See also Rule 1.2, Ala. R.Crim. P. (stating that "[t]hese rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare."). Nevertheless, we conclude that, once a circuit court has considered one motion for reconsideration of sentence filed by a defendant in a particular case, the defendant's rights with regard to that case will have been sufficiently safeguarded. Thereafter, the circuit court will not have jurisdiction to consider any second or successive motions for reconsideration filed by that defendant in that particular case. Instead, it should summarily deny any such motion. *Page 1010 
In this case, the circuit court did not have jurisdiction to consider the appellant's second motion for reconsideration of his sentence. Because it could have properly summarily denied the motion on this ground, we affirm the circuit court's judgment. See Sumlin v. State, 710 So.2d 941
(Ala.Crim.App. 1998) (noting that we will affirm a circuit court's denial of a Rule 32 petition if it is correct for any reason); Kilgore v. State, 643 So.2d 1015, 1018
(Ala.Crim.App. 1993) (noting that "we will affirm a lower court if the court's ruling is correct for any reason, even if the lower court based its ruling on a wrong reason").
AFFIRMED.
McMILLAN, P.J., and COBB and WISE, JJ., concur; SHAW, J., concurs specially, with opinion.