993 So.2d 433 (2007)
Ex parte Victor LeShawn GUNN.
(In re Victor LeShawn Gunn v. State of Alabama).
1051754.
Supreme Court of Alabama.
September 21, 2007.
Victor LeShawn Gunn, pro se.
Troy King, atty. gen., and Kevin C. Newsom, deputy atty. gen., and Stephanie N. Morman and Daniel W. Madison, asst. atty. gen., for respondent.
*434 SEE, Justice.
The trial court summarily dismissed Victor LeShawn Gunn's Rule 32, Ala. R.Crim. P., petition, which Gunn concedes was actually a second motion for reconsideration of his sentence under § 13A-5-9.1, Ala. Code 1975. The trial court dismissed Gunn's petition on the basis that, under Wells v. State, 941 So.2d 1008, 1009 (Ala. Crim.App.2005), the trial court does not have jurisdiction to consider a successive § 13A-5-9.1 motion. The Court of Criminal Appeals affirmed the trial court's summary dismissal on the same ground. To the extent that Wells violates the constitutional principle articulated in Kirby v. State, 899 So.2d 968, 972 (Ala.2004), that only the legislature has the authority to alter the jurisdiction of circuit courts, we hereby overrule Wells. We therefore reverse the judgment of the Court of Criminal Appeals affirming the trial court's dismissal of Gunn's petition based on lack of subject-matter jurisdiction and remand the case.

Facts and Procedural History
The petitioner, Victor LeShawn Gunn, was convicted of first-degree robbery and was sentenced to life imprisonment without the possibility of parole under subsection (c)(3) of the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975.[1] In March 2005, Gunn moved under § 13A-5-9.1, Ala.Code 1975,[2] for the reconsideration of his sentence. The trial court denied Gunn's motion on the ground that, because first-degree robbery is a violent offense, Gunn did not qualify as a "nonviolent convicted offender" for the purposes of § 13A-5-9.1. The trial court did not consider any of the other evidence Gunn submitted relating to his behavior in prison or to the nonviolent nature of the other convictions used to enhance his sentence under the Habitual Felony Offender Act.
In March 2006, the Court of Criminal Appeals released Holt v. State, 960 So.2d 726 (Ala.Crim.App.2006). In Holt, that court held that a trial court could not reject an application for sentence reconsideration under § 13A-5-9.1 solely on the basis that the underlying conviction was for a violent offense. Following the release of Holt, Gunn petitioned the trial court for postconviction relief under Rule 32, Ala. R.Crim. P., arguing that the Holt decision constituted "new evidence" under Rule 32.1(e), Ala. R.Crim. P., requiring that his sentence be vacated.[3] Gunn reasoned that the principle expounded in Holt is new evidence related to sentencing, and that under Holt the trial court could not *435 summarily dismiss his motion for sentence reconsideration on the ground that the underlying offense was statutorily defined as a violent offense. He argued that, in deciding his initial § 13A-5-9.1 motion for sentence reconsideration, the trial court should have considered the totality of the circumstances and that, if it had, it would not have allowed his sentence of life imprisonment without the possibility of parole to stand.
The trial court concluded that Gunn's petition, although styled as a Rule 32 petition, operated as a successive § 13A-5-9.1 motion and summarily dismissed it on the authority of Wells v. State, supra. In Wells, the Court of Criminal Appeals stated: "[T]he circuit court will not have jurisdiction to consider any second or successive motions for [sentence] reconsideration filed by that defendant in that particular case. Instead, it should summarily deny any such motion."
Gunn appealed, and, in an unpublished memorandum, the Court of Criminal Appeals upheld the trial court's dismissal of his petition, stating that Gunn had conceded that his Rule 32 petition was a second motion for sentence reconsideration under § 13A-5-9.1 and that, therefore, under Wells, the trial court did not have jurisdiction over the successive § 13A-5-9.1 motion. Gunn v. State (No. CR-05-1350, August 11, 2006), 988 So.2d 1082 (Ala.Crim.App.2006) (table).
Gunn petitioned this Court for the writ of certiorari, raising three grounds under Rule 39, Ala. R.App. P. First, he argues that the Court of Criminal Appeals' decision in his case conflicts with this Court's decision in Kirby because the Court of Criminal Appeals' decision limits the trial court's jurisdiction to one § 13A-5-9.1 motion per defendant, although neither Kirby nor § 13A-5-9.1 itself imposes such a limitation. Second, Gunn argues that the Court of Criminal Appeals' decision conflicts with Ex parte Seymour, 946 So.2d 536 (Ala.2006), because, Gunn argues, Seymour holds that "jurisdiction ... to impose a sentence" in Rule 32.1(b), Ala. R.Crim. P., refers to subject-matter jurisdiction, and the Court of Criminal Appeals cannot alter a trial court's statutorily granted subject-matter jurisdiction. Third, Gunn argues that the Court of Criminal Appeals' decision raises a material question of first impression as to whether a Rule 32 petition is the proper avenue by which to raise a claim of newly discovered evidence concerning a previous § 13A-5-9.1 proceeding. We granted Gunn's petition for the writ of certiorari as to the first issue onlywhether the Court of Criminal Appeals' decision conflicts with Kirby.[4]

Analysis
Gunn argues that the affirmance by the Court of Criminal Appeals of the trial court's summary dismissal of his petition, based on the holding of Wells that a trial court lacks jurisdiction to entertain a second § 13A-5-9.1 motion for sentence reconsideration, conflicts with this Court's holding in Kirby.[5] We stated in Kirby:

*436 "Section 6.11 of Amendment No. 328[, Ala. Const. of 1901, now § 150, Ala. Const. 1901 (Off.Recomp.),] grants this Court the authority to promulgate rules of procedure, including criminal procedure, but it prohibits this Court from enacting a rule that alters the jurisdiction of a court. Only the Legislature, within constitutional limits, has the authority to alter the jurisdiction of the circuit courts."
899 So.2d at 972. See also Seymour, 946 So.2d at 538 ("Subject matter jurisdiction concerns a court's power to decide certain types of cases.... That power is derived from the Alabama Constitution and the Alabama Code."). Thus, this Court does not have the authority to adopt rules altering the jurisdiction of the trial courts. Kirby, 899 So.2d at 972; see also Ala. Const.1901, Amend. No. 328, § 6.11 (now § 150, Ala. Const. 1901 (Off.Recomp.)) (providing that the Supreme Court may not promulgate rules that "affect the jurisdiction of the circuit and district courts"). "Only the Legislature, within constitutional limits, has the authority to alter the jurisdiction of the circuit courts." 899 So.2d at 972. Gunn contends that neither the language of § 13A-5-9.1 nor our interpretation of it as set forth in Kirby limits the jurisdiction of the trial courts to a single § 13A-5-9.1 motion per defendant per case.
The Court of Criminal Appeals based its affirmance in this case on its earlier holding in Wells, in which the Court of Criminal Appeals faced a situation similar to the one now before us. The petitioner in Wells, like Gunn, had moved the trial court for reconsideration of his sentence under § 13A-5-9.1. The Court of Criminal Appeals upheld the trial court's denial of that motion and issued a certificate of judgment. A few years later, the petitioner again moved the trial court for reconsideration of his sentence under § 13A-5-9.1. The trial court summarily denied that motion. On appeal, the Court of Criminal Appeals recognized that "neither § 13A-5-9.1, Ala.Code 1975, nor Kirby v. State, 899 So.2d 968 (Ala.2004), specifically mentions the filing of more than one such motion." Nonetheless, the Court of Criminal Appeals held that a "circuit court will not have jurisdiction to consider any second or successive motions for reconsideration." Wells, 941 So.2d at 1009. The court reasoned that, in addressing motions for reconsideration, courts "`must strike a proper balance between our interest in preserving the finality of judgments, and, *437 thus, promoting the efficient administration of criminal justice, and our interest in safeguarding the rights of the accused.'" 941 So.2d at 1009 (quoting Ex parte Frazier, 562 So.2d 560, 569 (Ala.1989)). The court concluded that, "once a circuit court has considered one motion for reconsideration of sentence filed by a defendant in a particular case, the defendant's rights with regard to that case will have been sufficiently safeguarded." 941 So.2d at 1009.
Although the court in Wells correctly noted the importance of striking a proper balance between safeguarding the rights of the accused and preserving the finality of judgments, the Court of Criminal Appeals' conclusion that a trial court lacks "jurisdiction" to consider a successive § 13A-5-9.1 motion appears to be in direct conflict with the principle articulated in Kirby that the Constitution of Alabama prohibits this Court from creating rules that limit the jurisdiction of the circuit courts. The legislature specifically granted the circuit courts jurisdiction to reconsider sentences under § 13A-5-9.1, and, as both the court in Wells and the State in this case acknowledge, the plain language of the statute does not limit that jurisdiction to one motion per defendant per case. Therefore, insofar as Wells purports to impose such a jurisdictional limitation, it is overruled.[6] Because the Court of Criminal Appeals premised its affirmance of the trial court's dismissal in the case on its holding in Wells, we reverse its judgment and remand the case to the Court of Criminal Appeals for proceedings consistent with this opinion.

Conclusion
We overrule Wells insofar as it violates the constitutional principle articulated in Kirbythat only the legislature has the authority to alter the jurisdiction of the circuit courts. Because that principle was the sole basis for the Court of Criminal Appeals' affirmance of the trial court's judgment, we reverse its judgment and remand the case to the Court of Criminal Appeals for further proceedings.
REVERSED AND REMANDED.[*]
LYONS, WOODALL, SMITH, and BOLIN, JJ., concur.
STUART, PARKER, and MURDOCK, JJ., concur specially.
COBB, C.J., recuses herself.
STUART, Justice (concurring specially).
I recognize the principle of state decisis, and in light of this Court's decision in Ex parte Butler, 972 So.2d 821 (Ala 2007), that a circuit court has jurisdiction to entertain a Kirby[7] motion for sentence reconsideration under § 13A-5-9.1, Ala.Code 1975, filed by an inmate who has been convicted of an offense that is statutorily defined as a violent offense, I concur specially in the majority's decision to consider the merits of this petition. I fully concur with this Court's decision to overrule the holding in Wells v. State, 941 So.2d 1008, 1009 (Ala. Crim.App.2005), that "the circuit court will *438 not have jurisdiction to consider any second or successive motions for reconsideration filed by that defendant in that particular case." See my special writings in Ex parte Coleman, 974 So.2d 307, 308 (Ala. 2007), and Ex parte Jenkins 992 So.2d 1248, 1251 (Ala.2007).
I, however, adhere to my dissents in Ex parte Jones, 953 So.2d 1210, 1210 (Ala. 2006); Holt v. State, 960 So.2d 740, 744 (Ala.2006); Ex parte Butler, 972 So.2d at 827; and Ex parte Jenkins, and I continue to maintain that "if an inmate has been convicted of an offense that is defined by statute as a violent offense, he is a violent offender, and the sentencing judge or the presiding judge does not have jurisdiction to entertain the [Kirby] motion." Butler, 972 So.2d at 827.
Lastly, Justice Murdock in his special writing questions "whether a decision or an opinion of this Court constitutes `evidence' or `facts' within the contemplation of Rule 32.1(e)." Although this statement warrants further consideration, such consideration is not appropriate in this case because this Court is reviewing a judgment addressing a motion for sentence reconsideration filed pursuant to § 13A-5-9.1, Ala.Code 1975, not a judgment addressing a Rule 32, Ala. R.Crim. P., petition.[8] Rule 32, Ala. R.Crim. P., does not provide a ground for relief from a decision on a motion for sentence reconsideration filed pursuant to § 13A-5-9.1, Ala.Code 1975; therefore, Rule 32 has no applicability to this case.
PARKER, J., concurs.
MURDOCK, Justice (concurring specially).
I concur in the main opinion. I write separately to note that I do not read footnote 5 of the main opinion as holding that because a case falls within one of the five categories of cases listed in Rule 39(a)(1), Ala. R.App. P., as to which this Court may consider petitions for writs of certiorari, the petitioner need not have taken whatever steps otherwise would have been necessary to preserve for appellate review the alleged error in the lower court. Under the particular circumstances presented in this case, and after carefully considering the arguments made to the Court of Criminal Appeals, I believe the alleged error has been adequately preserved for our review.
In addition, I note that the parties (as in some previous cases before this Court) consider a recent decision of this Court as "newly discovered evidence" under Rule 32.1(e), Ala. R.Crim. P. For purposes of future cases, however, I question whether a decision or an opinion of this Court constitutes "evidence" or "facts" within the contemplation of Rule 32.1(e).
NOTES
[1] Section 13A-5-9(c)(3) provides as follows:

"(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he or she must be punished as follows:
"....
"(3) On conviction of a Class A felony, where the defendant has no prior convictions for any Class A felony, he or she must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court."
[2] Section 13A-5-9.1 provides that "[t]he provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."
[3] The relevant portions of Rule 32.1 read as follows:

"Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the grounds that:
"....
"(e) Newly discovered material facts exist which require that the conviction or sentence be vacated by the court...."
[4] This Court voted to grant certiorari review as to the first issue only and to deny review as to the second and third issues Gunn raises in his petition. Because of a clerical error, however, the parties were not informed of the limited scope of our certiorari review; nonetheless, they ably briefed the issue as to which we granted certiorari review.
[5] The State argues that Gunn's contention that the Court of Criminal Appeals' decision in Wells conflicts with Kirby is not properly before this Court because Gunn did not timely raise it. The State argues that although the trial court cited Wells in its order denying Gunn's second § 13A-5-9.1 motion, the first time Gunn argued that Wells should be overruled was in his brief in support of his application for rehearing in the Court of Criminal Appeals. The State argues that "[b]ecause the issue about which Gunn complains ... was apparent in the trial court and could have been a ground for relief on appeal to the Court of Criminal Appeals, he should be barred from pursuing the claim here when it was raised for the first time in his application for rehearing" in the Court of Criminal Appeals.

Whether an issue is properly before this Court on certiorari review is governed by Rule 39(a), Ala. R.App. P. Rule 39(a)(1) lists six instances in which a petition for the writ of certiorari will be considered. Among those are the following:
"(D) From decisions in conflict with prior decisions of the Supreme Court of the United States, the Supreme Court of Alabama, the Alabama Court of Criminal Appeals, or the Alabama Court of Civil Appeals...
"....
"(E) Where the petitioner seeks to have overruled controlling Alabama Supreme Court cases that were followed in the decision of the court of appeals."
Gunn demonstrated an apparent conflict between the Court of Criminal Appeals' unpublished memorandum summarily dismissing his appeal for lack of jurisdiction on the authority of Wells and this Court's decision in Kirby. Under Rule 39(a)(1)(D), this issue is now properly before us, and the State offers no authority to the contrary.
[6] This opinion should not be read as requiring the trial courts to consider second or successive motions for reconsideration under § 13A-5-9.1, Ala.Code 1975. We granted certiorari review to address only the question whether the trial courts have subject-matter jurisdiction over successive § 13A-5-9.1 motions. We do not reach the question whether the statute can or does require such a reconsideration.
[*] Note from the reporter of decisions: On January 25, 2008, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion. On March 20, 2008, that court denied rehearing, without opinion (CR-05-1350).
[7] Kirby v. State, 899 So.2d 968 (Ala.2004).
[8] Gunn concedes that although his pleading in the trial court was styled as a Rule 32 petition, the pleading operated substantively as a motion for sentence reconsideration and sought relief pursuant to § 13A-5-9.1, Ala. Code 1975.