PARKER, Justice.
 

 Matthew Wayne Tubbs has filed a petition for a writ of certiorari seeking review of the Court of Criminals Appeals’ affir-mance, in an unpublished memorandum, of the Jefferson Circuit Court’s denial of his motion for sentence reconsideration under § 13A-5-9.1, Ala.Code 1975, which supplements § 13A-5-9, Ala.Code 1975, the Habitual Felony Offender Act. We hereby suspend the provisions of Rule 39(g) and (h), Ala. R.App. P., allowing the petitioner and the respondent to file a brief and to request oral argument, and we summarily grant the writ; we reverse and remand.
 

 On August 31, 1999, Tubbs was convicted of first-degree robbery. On September 3, 1999, the circuit court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole.
 
 See
 
 § 13A-5-9(c)(3), Ala.Code 1975. On August 25, 2006, Tubbs filed a motion for reconsideration of his sentence pursuant to § 13A-5-9.1, Ala.Code 1975, and
 
 Kirby v. State,
 
 899 So.2d 968 (Ala.2004) (“the
 
 Kirby
 
 motion”). The State responded, and the circuit court then summarily denied the
 
 Kirby
 
 motion.
 

 Tubbs appealed the denial of the
 
 Kirby
 
 motion, and the Court of Criminal Appeals affirmed the circuit court’s denial in an unpublished memorandum.
 
 Tubbs v. State
 
 (No. CR-06-0522, April 20, 2007), 9 So.3d 583 (Ala.Crim.App.2007)(table). In its unpublished memorandum, the Court of Criminal Appeals reasoned that Tubbs’s
 
 Kirby
 
 motion was at least the second motion for sentence reconsideration that Tubbs had filed and was therefore due to be denied because the circuit court did not have jurisdiction to hear such a motion. Tubbs argues that his first
 
 Kirby
 
 motion was not fully adjudicated on its merits and, thus, that he has never had a full and fair review under the statute. Tubbs alleges that the decision of the Court of Criminal Appeals conflicts with this Court’s decisions in
 
 Kirby
 
 and
 
 Ex parte Seymour,
 
 946 So.2d 536 (Ala.2006).
 

 This petition presents a
 
 Kirby
 
 resen-tencing issue like the one presented in
 
 Ex parte Gunn,
 
 [Ms. 1051754, Sept. 14, 2007] 993 So.2d 433 (Ala.2007). In
 
 Gunn,
 
 the Court of Criminal Appeals, in an unpublished memorandum, had held, as they did in this case, that under
 
 Wells v. State,
 
 941 So.2d 1008 (Ala.Crim.App.2005), the circuit court does not have jurisdiction to consider a successive
 
 Kirby
 
 resentencing motion and affirmed the circuit court’s dismissal of Gunn’s petition.
 
 Gunn v. State
 
 (No. CR-05-1350, August 11, 2006), 988 So.2d 1082 (Ala.Crim.App.2006) (table). This Court granted certiorari review in
 
 Gunn
 
 and overruled
 
 Wells v. State
 
 to the extent that
 
 Wells
 
 created a limitation on a circuit court’s jurisdiction to consider successive
 
 Kirby
 
 motions, noting that
 
 Wells
 
 conflicts with
 
 Kirby
 
 and
 
 Ex parte Seymour. Ex parte Gunn,
 
 993 So.2d at 435.
 

 The Court of Criminal Appeals relied solely on
 
 Wells
 
 in affirming the circuit court’s judgment in this case. Therefore, in light of our decision in
 
 Gunn,
 
 we reverse the judgment of the Court of Criminal Appeals and remand this case to that court for proceedings consistent with
 
 Gunn.
 

 
 *575
 
 WRIT GRANTED; REVERSED AND REMANDED
 

 SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and MURDOCK, JJ., concur.
 

 COBB, C.J., recuses herself.