The appellant, James Charles Bishop, Jr., appeals from the denial of his motion to reconsider his sentence, made pursuant to § 13A-5-9.1, Ala. Code 1975. In April 1982, Bishop was convicted of attempted murder and was sentenced as a habitual felony offender to life imprisonment without the possibility of parole.
Based upon a review of the record, it appears that Bishop filed his first motion for reconsideration in the circuit court sometime prior to March 2006, alleging that his sentence should be reevaluated pursuant to § 13A-5-9, as modified by § 13A-5-9.1, and pursuant to the Supreme Court's holding inKirby v. State, 899 So.2d 968 (Ala. 2004), because, he said, he was not a violent offender. On March 20, 2006, the circuit court denied Bishop's motion for sentence reconsideration. It is unclear whether Bishop filed a secondKirby motion or simply filed additional materials attacking the denial of his first motion for reconsideration; however, the trial court, on December 18, 2006, entered a second order denying Bishop's motion for sentence reconsideration.[1]
On August 6, 2007, Bishop filed the instant motion for reconsideration. The trial court, on August 15, 2007, denied the motion with the following handwritten notation on Bishop's motion: "Denied as successive. See order of 12-18-06." (C. 6.). The trial court's denial was based upon this Court opinion inWells v. State, 941 So.2d 1008 (Ala.Crim.App. 2005).
On appeal, Bishop argues that the trial court abused its discretion when it denied his motion as successive without the requisite determination as to whether he was eligible for sentence reconsideration as required by Holt v. State,960 So.2d 726 (Ala.Crim.App. 2006). After the circuit court had denied Bishop's motion as successive, the Alabama Supreme Court released Ex parte Gunn, 993 So.2d 433 (Ala. 2007), which overruled Wells, supra, insofar as Wells purported to impose a jurisdictional *Page 498 
limitation of one motion for reconsideration per defendant per case. Therefore, the trial court incorrectly denied Bishop's motion for reconsideration as successive.
However, even though the circuit court, relying on Wells v. State, supra, incorrectly denied Bishop's successive motion for reconsideration, in the interest of judicial economy, we need not remand this cause to the circuit court because the circuit court, in its earlier orders denying Bishop's motions for reconsideration, had already determined that Bishop was a violent offender and therefore ineligible for sentence reconsideration. The circuit court noted in its March 2006 order that attempted murder was clearly a violent offense. In its December 2006 order, the circuit court further noted that it could not rationally conclude that "a defendant convicted by a jury of Attempted Murder with ten (10) prior felony convictions" would be considered a nonviolent offender. (C. 30) There is nothing in the record to suggest that the circuit court did not consider all the information presented to it in determining that Bishop was a violent offender. Thus, we presume that the circuit court properly considered all the information before it. SeeHolt, supra. Although Bishop alleges that the victim did not suffer serious physical injury, we conclude that given that a weapon was used during the attempted murder along with Bishop's 10 prior felony convictions, which included convictions for second-degree burglary and possession of a pistol, the circuit court could have reasonably concluded that Bishop was a violent offender, and, thus, ineligible for sentence reconsideration. "Whether an inmate is a violent offender is for the circuit court to determine and, in the absence of an abuse of discretion in so determining, we will not disturb its finding on appeal." Sanders v. State, 934 So.2d 432, 434
(Ala.Crim.App. 2005). See also Hoobler v. State,668 So.2d 905, 906 (Ala.Crim.App. 1995) (if a trial court's ruling is correct for any reason, even one not stated, it is due to be upheld on appeal).
Accordingly, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
BASCHAB, P.J., and McMILLAN, SHAW, and WELCH, JJ., concur.
[1] In its second order denying Bishop's motion for reconsideration, the presiding judge of Tuscaloosa Circuit Court held:
 "[Bishop] previously filed a motion for resentencing under Ala. Code § 13A-5-9 (a Kirby petition) from his. conviction following a jury trial for Attempted Murder with ten (10) prior felony offenses. The petition was assigned to me as Presiding Judge as the sentencing judge is not in office, and was denied on March 20, 2006. Apparently, [Bishop] filed additional materials in August, September, and November 2006 either attacking the earlier denial or seeking to submit additional information or file a subsequent petition. These materials were erroneously routed to another judge and not submitted to me as Presiding Judge until the week of December 11. This court does not have jurisdiction to consider a successive petition. Wells v. State, [941 So.2d 1008] (Ala.Crim.App. 2005). Further, [Bishop] appears to challenge the findings of the March 20 ruling and I am unable to rationally conclude that a defendant convicted by a jury of Attempted Murder with ten (10) prior felony offenses is considered `nonviolent,' unless that finding is by consent of the State."
(C.30.)