WELCH, Judge,
dissenting.
I respectfully dissent from the holding of the majority in its unpublished memorandum affirming the circuit court’s denial of Bruce Pearson’s motion for sentence reconsideration.
In January 1997, Pearson was convicted of first-degree robbery and was sentenced as a habitual felony offender to life imprisonment without parole. On May 11, 2006, Pearson filed this, his third motion for reconsideration in the circuit court. He alleged that his sentence should be reevaluated pursuant to § 13A-5-9.1, Ala. Code 1975, and pursuant to the Supreme Court’s holding in Kirby v. State, 899 So.2d 968 (Ala.2004) because, he said, he is not a violent offender. On December 20, 2006, the presiding judge of the Jefferson Circuit Court denied Pearson’s motion for sentence reconsideration in a written order that stated in its entirety: “Motion for reconsideration is denied — successive as denounced by Wells [v. State, 941 So.2d 1008 (Ala.Crim.App.2005)].” (CR. 6.) Wells held that the circuit court had jurisdiction to consider only one motion for sentence reconsideration filed pursuant to § 13A-5-9.1, Ala.Code 1975, and Kirby v. State, 899 So.2d 968 (Ala.2004). The Alabama Supreme Court overruled this holding in Ex parte Gunn, [Ms. 1051754, September 21, 2007] — So.2d - (Ala.2007)(“[0]nly the legislature has the authority to alter the jurisdiction of the circuit courts.”). Pearson appealed from the circuit court’s ruling, arguing that the circuit court had erroneously denied his motion for sentence reconsideration.
The majority affirms the decision of the circuit court holding that
“the circuit court could have reasonably concluded that [Pearson] was a violent offender and thus was not eligible for reconsideration of his sentences pursuant to § 13A-5-9.1, Ala.Code 1975. See Kirby, 899 So.2d at 974 (noting that ‘the state’s trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant’s underlying conviction’). Further, the record does not affirmatively show that the circuit court did not properly consider and weigh each factor presented to it. Therefore, the circuit court properly denied the [Pearson’s] motion.”
The circuit court’s only holding in this case was that, pursuant to Wells, it did not have jurisdiction to consider Pearson’s third motion requesting sentence reconsideration. Nevertheless, the majority holds that the circuit court’s denial was based on a consideration of the merits of the petition. Based on the court’s order, it clearly did not.
Therefore, because the circuit court’s reliance on Wells was misplaced, I would not affirm the circuit court’s ruling; I would instead remand this cause to the circuit court for further findings. Therefore, I must dissent.