PARKER, Justice.
Anderson Lafayette Boyd petitions for certiorari review of the Court of Criminal Appeals’ affirmance by unpublished memorandum of the trial court’s denial of his motion for reconsideration under § 13A-5-9.1, Ala.Code 1975, of his sentence imposed pursuant to § 13A-5-9, Ala.Code 1975, the *446 Habitual Felony Offender Act (“the HFOA”). We reverse and remand.
On June 14, 1994, Boyd was convicted in the Franklin Circuit Court of robbery in the first degree. Prior to his conviction for first-degree robbery, Boyd had been convicted of six felony charges. Generally, the previous convictions were for forgery and theft; none of the convictions involved crimes of a violent nature. However, the conviction for first-degree robbery did involve the use of a deadly weapon. The circuit court sentenced Boyd under the HFOA to life imprisonment without the possibility of parole. See § 13A-5-9(c)(3), Ala.Code 1975. On October 3, 2005, Boyd filed a motion for reconsideration of his sentence pursuant to § 13A-5-9.1, Ala.Code 1975, and Kirby v. State, 899 So.2d 968 (Ala.2004) (“Kirby motion”). This was Boyd’s second Kirby motion. After the Alabama Department of Corrections completed the evaluation required by § 13A-5-9.1 and responded, Judge Sharon H. Hester, the presiding judge of the Franklin Circuit Court, denied Boyd’s Kirby motion.
Boyd filed a written notice of appeal, and the Court of Criminal Appeals affirmed the circuit court’s decision with an unpublished memorandum on the ground that Boyd’s Kirby motion was the second Kirby motion Boyd had filed and the circuit court was therefore without jurisdiction to hear the motion. Boyd v. State (No. CR-06-0401, Feb. 23, 2007), — So.2d - (Ala.Crim. App. 2007) (table). Boyd contends that the decision of the Court of Criminal Appeals conflicts with Kirby, supra, and Ex parte Seymour, 946 So.2d 536 (Ala.2006). We granted Boyd’s petition to determine whether Boyd’s second Kirby motion could be precluded as a successive motion for sentence reconsideration on the ground that the circuit court has no jurisdiction to consider a successive Kirby motion.
After we granted Boyd’s petition, we issued an opinion in Ex parte Gunn, 993 So.2d 433 (Ala.2007), which is dispositive of this case. In an unpublished memorandum in Gunn v. State, 988 So.2d 1082 (Ala.Crim.App.2006) (table), the Court of Criminal Appeals held, as it did in this case, that under Wells v. State, 941 So.2d 1008 (Ala.Crim.App.2005), the trial court did not have jurisdiction to consider a successive Kirby motion. This Court granted the petition for the writ of certiorari in Gunn and overruled Wells, noting that Wells conflicted with Kirby and Ex parte Seymour, supra. Ex parte Gunn, 993 So.2d at 435.
The Court of Criminal Appeals here relied solely on Wells in affirming the circuit court’s judgment. In light of our decision in Gunn, we reverse the judgment of the Court of Criminal Appeals and remand this case to that court for proceedings consistent with Gunn.
REVERSED AND REMANDED. 
SEE, LYONS, WOODALL, SMITH, BOLIN, and MURDOCK, JJ., concur.
STUART, J., concurs specially.
COBB, C.J., recuses herself.