McMILLAN, Judge.
The appellant, Ernest Lee Briggins, appeals from the denial of his motion to reconsider his sentence, made pursuant to § 13A-5-9.1, Ala.Code 1975. In the motion, Briggins sought reconsideration of his three concurrent sentences of life imprisonment on three prior Class B felony convictions for the unlawful distribution of a controlled substance, after having been convicted and sentenced as a habitual felony offender, on a fourth Class B felony, to life imprisonment.
Briggins filed this, his fourth, motion for reconsideration in the circuit court on November 28, 2007, alleging that his sentence should be reevaluated pursuant to § 13A-5-9, as modified by § 13A-5-9.1, and pursuant to the Supreme Court’s holding in Kirby v. State, 899 So.2d 968 (Ala.2004), simply because he was eligible for sentence reconsideration. Briggins, however, provided no grounds to support the reevaluation of his sentence other than that he was “eligible for reconsideration.”
On December 21, 2007, the trial court, with Judge Teresa Pulliam presiding, denied the motion by the following entry in its case action summary sheet:
“12-21-07 Kirby is denied as successive and on same grounds as set forth in Judge Vowell/J. Hard’s order of 6-27-7.
7s/ T. Pulliam”
Although Judge Pulliam was not the sentencing judge in Briggins’s case and was not the presiding judge of the Jefferson Circuit Court, it appears from the record that she was allowed to rule on the instant motion for resentencing based upon authorization from Judge Vowell, the presiding judge of Jefferson County, who had participated along with Judge Hard in a previous June 27, 2007, denial of Brig-gins’s motion for resentencing.
*1028 The initial order issued by the trial court, Judge Vowell and Judge Hard, on June 27, 2007, denying Briggins’s third motion for reconsideration, contained the following handwritten notation on the case action summary sheet:
“6-27-07 Kirby motion is Denied—
“Subject paroled 6/28/04, became delinquent 3/7/07 & was revoked 5/07[.]
“/s/ James Hard
/s/ Scott Vowell, Presiding Judge.” (C.7.)
It is well settled that “[a] petitioner does not have a right to have his sentence reduced pursuant to § 13A-5-9.1, Ala.Code 1975.” Hastings v. State, 938 So.2d 974, 975 (Ala.Crim.App.2005). Additionally, this Court “will not second-guess [the trial] court’s discretionary decision” in determining whether to resentence an inmate under § 13A-5-9.1. Prestwood v. State, 915 So.2d 580, 583 (Ala.Crim.App.2005).
Here, however, the trial court erred in finding that Briggins was ineligible for sentence reconsideration merely because his parole had been revoked. See White v. State, 947 So.2d 436, 437 (Ala.Crim.App.2006); Ferrell v. State, 944 So.2d 162 (Ala.Crim.App.2006). Additionally, the trial court erred in finding that Briggins was ineligible for sentence reconsideration on grounds that his motion was successive based on the grounds set forth in the trial court’s June 27, 2007, order. Cf. Ex parte Gunn, 993 So.2d 433 (Ala.2007). In Gunn, the Supreme Court held that the trial court has subject-matter jurisdiction to consider a successive § 13A-5-9.1 motion, overruling, in part, this Court’s decision in Wells v. State, 941 So.2d 1008, 1009 (Ala.Crim.App.2005), to the extent that it violates Kirby, supra. Although the Court in Gunn declined, by implication, to decide whether § 13A-5-9.1 allows or requires the trial court to limit its jurisdiction to one motion per defendant, that question is not before this Court because the trial court found the petition to be successive on insufficient grounds, that is, Briggins was a parole violator. We, therefore, remand this case to the trial court for further findings consistent with this opinion.
Due return shall be made within 45 days of the release of this opinion.*
REVERSED AND REMANDED.
WISE and WELCH, JJ., concur. SHAW, J., dissents, with opinion, which BASCHAB, P.J., joins.

 Note from the reporter of decisions: An October 10, 2008, entry on the Court of Criminal Appeals’ docket sheet indicates that the trial court reconsidered Briggins’s Kirby motion and denied that motion.