16 So.3d 818 (2008)
Ronald HANNON
v.
STATE of Alabama.
CR-07-0895.
Court of Criminal Appeals of Alabama.
December 19, 2008.
Rehearing Denied February 20, 2009.
*819 Ronald Hannon, pro se.
Troy King, atty. gen., and Audrey K. Jordan, asst. atty. gen., for appellee.
PER CURIAM.
Ronald Hannon appeals from the denial of his third, if not his fourth,[1] motion to reconsider his sentence, made pursuant to § 13A-5-9.1, Ala.Code 1975. On August 5, 1998, Hannon was convicted of robbery in the first degree and was sentenced as a habitual offender to life imprisonment without the possibility of parole.
On January 16, 2008, Hannon filed the instant motion for reconsideration, alleging that because, he said, he was not a violent offender his sentence should be reevaluated pursuant to § 13A-5-9.1, Ala.Code 1975, and the Supreme Court's holding in Kirby v. State, 899 So.2d 968 (Ala.2004). On February 6, 2008, Circuit Judge Teresa Pulliam denied Hannon's motion as successive, stating: "Motion for reconsideration of sentence is denied as successive. See order of 8-7-0[7] above  Judge J. Hard," signing it "J T. Pulliam." In his order entered in August 2007, Judge James Hard had denied Hannon's motion for sentence reconsideration, stating that Hannon had committed the robbery while on escape status on parole and "additionally subject was denied Kirby relief 12/16/04 thus undersigned has no jurisdiction to consider successive motion ...."
On appeal, Hannon claims that the trial court abused its discretion when it denied his most recent motion as successive, in violation of the Alabama Supreme Court's holding in Ex parte Gunn, 998 So.2d 433 (Ala.2007). In Gunn, the Alabama Supreme Court overruled Wells v. State, 941 So.2d 1008 (Ala.Crim.App.2005), insofar as Wells purported to impose a jurisdictional limit of one motion for reconsideration of sentence per defendant per case. In an opinion being released today, this Court affirms the order of the circuit court in a similar case, stating that
"the fact that a motion for sentence reconsideration under § 13A-5-&1 is successive is a valid basis, in and of itself, for denying that motion, so long as at least one of the previous motions was properly considered in compliance with this Court's opinion in Holt v. State, 960 So.2d 726 (Ala.Crim.App.2006)
Ashford v. State, 12 So.3d 160, 162 (Ala. Crim.App.2008). In this case, there is no *820 indication, either in the instant record or in the record from the appeal of the denial of Hannon's first motion, that Hannon's first motion was not properly considered in compliance with this Court's opinion in Holt v. State, 960 So.2d 726 (Ala.Crim.App. 2006). Here, as is the case in Ashford, at least one of Hannon's previous motions was properly considered in compliance with Holt.
Therefore, the circuit court's judgment denying Hannon's present motion on the ground that it was successive is affirmed.
AFFIRMED.
BASCHAB, P.J., and McMILLAN and WISE, JJ., concur. SHAW, J., concurs in the result. WELCH, J., dissents, with opinion.
WELCH, Judge, dissenting.
I respectfully dissent based on my dissent in Ashford v. State, 12 So.3d 160 (Ala.Crim.App.2008). In this case, although the circuit court did not explicitly cite Wells v. State, 941 So.2d 1008 (Ala, Crim.App.2005), when denying Hannon's motion for sentence reconsideration, it referenced a previous order in which the circuit court had denied a motion for sentence reconsideration on the ground that the motion was successive and, therefore, the court had no jurisdiction to rule upon it. Thus, I believe the circuit court erroneously concluded that it did not have jurisdiction to rule upon Hannon's instant motion.
I agree with the majority that a circuit court may properly deny a motion for sentence reconsideration under § 13A-5-9.1, Ala.Code 1975, on the basis that the motion is successive, so long as at least one of the previous motions was properly considered in compliance with this Court's Opinion in Holt v. State, 960 So.2d 726 (Ala. Crim.App.2006). However, this case is not a situation in which the circuit court believed it had jurisdiction to consider the motion but refused to do so on the basis that the motion was successive. Rather, the circuit court thought it was precluded from considering the motion because it believed it did not have jurisdiction to consider the motion.
I do not believe that the fact that a previous motion may have been properly considered and denied cures the circuit court's erroneous conclusion that it did not have jurisdiction to consider the instant motion. Because the circuit court erroneously thought it did not have jurisdiction to rule on Hannon's motion to reconsider, it did not reach the merits, if any, to Hannon's motion to reconsider. I would reverse the circuit court's judgment and remand this cause for the circuit court to review Hannon's motion and enter judgment accordingly. Therefore, I respectfully dissent.
NOTES
[1] The record indicates that Hannon filed his first motion on November 24, 2004, and that that motion was denied by the circuit court on December 6, 2004; that denial was affirmed by this Court in an unpublished memorandum issued on May 13, 2005. Hannon v. State (No. CR-04-0697), 926 So.2d 1087 (Ala. Crim.App.2O05) (table). Hannon filed his second motion on January 10, 2007, and that motion was transferred to the presiding judge of the circuit on February 14, 2007. However, the record does not reflect a ruling on that motion by the presiding judge. Rather, the record reflects that another motion to reconsider was filed on July 19, 2007, and that that motion was denied on August 8, 2007. However, it is unclear whether the motion filed on July 19, 2007, was a third motion or was merely the refiling of the January 10, 2007, motion that had been transferred but not ruled on.