12 So.3d 160 (2008)
Jerry ASHFORD
v.
STATE of Alabama.
CR-07-0750.
Court of Criminal Appeals of Alabama.
December 19, 2008.
*161 Jerry Ashford, pro se.
Troy King, atty. gen., and Jack W. Willis, asst. atty. gen., for appellee.
PER CURIAM.
Jerry Ashford appeals from the denial of this, at least his sixth, if not seventh,[1] motion to reconsider his sentence, made pursuant to § 13A-5-9.1, Ala.Code 1975. On August 27, 1992, Ashford was convicted of robbery in the first degree and was sentenced as a habitual offender to life imprisonment without the possibility of parole. In November 2007, Ashford filed the instant motion for sentence reconsideration, alleging that, because, he said, he was not a violent offender, his sentence should be reevaluated pursuant to § 13A-5-9.1, Ala.Code 1975, and the Supreme Court's holding in Kirby v. State, 899 So.2d 968 (Ala.2004). On December 5, 2007, the circuit court denied the motion with the following handwritten notation in the case action summary: "Kirby [motion] is denied as successive as condemned by Wells [v. State, 941 So.2d 1008 (Ala.Crim.App. 2005),] see 3/3/05 and 12/22/06 Orders." (C. 6.)
On appeal, Ashford claims that the trial court's order, based on Wells, is improper because, he says, it violates the Alabama Supreme Court's holding in Ex parte Gunn, 993 So.2d 433 (Ala.2007). In Gunn, the Alabama Supreme Court overruled Wells, insofar as Wells purported to impose a jurisdictional limitation of one motion for reconsideration of sentence per defendant per case. However, in Gunn, the Alabama Supreme Court expressly declined to address the issue whether the fact that a motion for sentence reconsideration is successive nonetheless provides a valid ground for denying the motion. The Court stated:
"This opinion should not be read as requiring the trial courts to consider *162 second or successive motions for reconsideration under § 13A-5-9.1, Ala.Code 1975. We granted certiorari review to address only the question whether the trial courts have subject-matter jurisdiction over successive § 13A-5-9.1 motions. We do not reach the question whether the statute Can or does require such reconsideration."
Gunn, 993 So.2d at 433, n. 6.
Although a circuit court has jurisdiction to consider a successive motion for sentence reconsideration, this Court does not believe that § 13A-5-9.1 or Kirby, supra, requires a circuit court to consider a successive motion for sentence reconsideration. Nor do we read § 13A-5-9.1, Kirby, or Gunn as prohibiting a circuit court from denying a motion for sentence reconsideration solely on the basis that it is a successive motion. The intent of the legislature in enacting § 13A-5-9.1 was to afford nonviolent inmates sentenced before the 2000 amendment to the Habitual Felony Offender Act the opportunity to receive the benefits of that amendment, i.e., to afford those nonviolent inmates the opportunity for the circuit court to exercise its discretion in determining the sentence to be imposed, discretion that was not available before the amendment. Once an inmate receives that opportunity, i.e., once a circuit court properly considers an inmate's motion for sentence reconsideration, the legislative intent in enacting § 13A-5-9.1 has been fulfilled. As this Court noted in our opinion in Wells, supra:
"`[W]e must strike a proper balance between our interest in preserving the finality of judgments, and, thus, promoting the efficient administration of criminal justice, and our interest in safeguarding the rights of the accused. A careful balancing of these concerns is, in our view, necessary to foster stability and confidence in the judicial system.'"
941 So.2d at 1009, quoting Ex parte Frazier, 562 So.2d 560, 569 (Ala.1989). The Supreme Court likewise recognized in Gunn "the importance of striking a proper balance between safeguarding the rights of the accused and preserving the finality of judgments." Gunn, 993 So.2d at 433. In that vein, we believe that the fact that a motion for sentence reconsideration under § 13A-5-9.1 is successive is a valid basis, in and of itself, for denying that motion, so long as at least one of the previous motions was properly considered in compliance with this Court's opinion in Holt v. State, 960 So.2d 726 (Ala.Crim.App.2006),[2] and we overrule this Court's opinion in Bishop v. State, 993 So.2d 496 (Ala.Crim.App. 2007), to the limited extent it held otherwise.[3]
In this case, the circuit court erroneously relied on this Court's opinion in Wells in denying Ashford's motion. However, this Court may affirm a circuit *163 court's judgment on grounds other than those asserted by the circuit court. In the order denying Ashford's second motion for sentence reconsideration, the court noted that Ashford had "18 write-ups," i.e., 18 disciplinary citations, while he was in prison. This statement indicates that the circuit court considered all the information before it in denying that second motion, in compliance with Holt, even though that denial occurred before this Court issued its opinion in Holt.
Although there has been no finding at any point that Ashford is a violent offender and, thus, ineligible for sentence reconsideration, such a finding is not required to deny a motion for reconsideration. Whether an inmate is a nonviolent offender is an issue relating solely to whether an inmate is eligible for sentence reconsideration. However, merely because an inmate is eligible for sentence reconsideration does not mean that the inmate must be resentenced. See Holt, 960 So.2d at 735 n. 3 ("[A] circuit court is not required to resentence an inmate merely because it determines that the inmate is eligible for reconsideration of his or her sentence."). See also Prestwood v. State, 915 So.2d 580 (Ala.Crim.App.2005). Based on the record in this case, it appears that in denying Ashford's second motion for sentence reconsideration the circuit court found that Ashford was eligible for sentence reconsideration, but simply chose not to resentence Ashford because of his prison record. Thus, Ashford has received the opportunity for sentence reconsideration to which he is entitled under § 13A-5-9.1.
Because Ashford's second motion for reconsideration was properly considered and denied, the circuit court's judgment denying Ashford's present motion for sentence reconsideration on the ground that it was successive is affirmed.
AFFIRMED.
BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur. WELCH, J., dissents, with opinion.
WELCH, Judge, dissenting.
I agree with the majority that a circuit court may properly deny a motion for sentence reconsideration under § 13A-5-9.1, Ala.Code 1975, on the basis that such motion is successive, so long as at least one of the previous motions was properly considered in compliance with this Court's opinion in Holt v. State, 960 So.2d 726 (Ala. Crim.App.2006). However, in this case, the Court erroneously relied on this Court's opinion in Wells v. State, 941 So.2d 1008 (Ala.Crim.App.2005), in denying Ashford's motion.
This case does not present a situation in which the circuit court believed it had jurisdiction to consider the motion but refused to do so on the basis that the motion was successive. Rather, the circuit court, based on earlier caselaw, was of the belief that it was precluded from considering the motion because it was without jurisdiction. I do not believe that a previous motion properly considered and denied cures the circuit court's erroneous reliance on Wells, supra. Because the circuit court erroneously thought it did not have jurisdiction to rule on Ashford's motion to reconsider, it did not reach the merits, if any, to Ashford's motion to reconsider. I would reverse the circuit court's judgment and remand this cause for the circuit court to review the motion and to enter judgment accordingly. Therefore, I respectfully dissent.
NOTES
[1] The record reflects that Ashford's first motion to reconsider was denied on November 15, 2004, and his appeal from that denial was dismissed by this Court as untimely on January 11, 2005; his second motion was denied on March 3, 2005; his third motion was denied on February 7, 2006; his fourth motion was denied on June 14, 2006; and his fifth motion was denied on December 19, 2006. In addition, the case-action summary indicates that a motion to reconsider was also denied on December 22, 2006, but it is unclear if that was the same motion that had previously been denied on December 19, 2006, or if it was a sixth motion to reconsider.
[2] This is not to say, of course, that only those motions for sentence reconsideration that were decided after this Court's decision in Holt can be viewed as having been properly considered. To the contrary, even before this Court's decision in Holt, many circuit courts were evaluating the "totality of the circumstances," as later directed by this Court in Holt, in ruling on motions for sentence reconsideration. So long as there is no indication that the previous motion was denied on a clearly improper basis, a successive motion can be properly denied solely on the ground that it is successive.
[3] After further review of § 13A-5-9.1, as well as the Supreme Court opinions in Kirby and Gunn, supra, we believe that this Court in Bishop erroneously expanded the Supreme Court's limited holding in Gunn that a circuit court has jurisdiction to consider a successive motion for reconsideration to hold that a circuit court may never deny a motion for reconsideration on the ground that it is successive.