PER CURIAM.
Ronald Hannon appeals from the denial of his third, if not his fourth,[1] motion to reconsider his sentence, made pursuant to § 13A-5-9.1, Ala.Code 1975. On August 5, 1998, Hannon was convicted of robbery in the first degree and was sentenced as a habitual offender to life imprisonment without the possibility of parole.
On January 16, 2008, Hannon filed the instant motion for reconsideration, alleging that because, he said, he was not a violent offender his sentence should be reevaluated pursuant to § 13A-5-9.1, Ala.Code 1975, and the Supreme Court’s holding in Kirby v. State, 899 So.2d 968 (Ala.2004). On February 6, 2008, Circuit Judge Teresa Pulliam denied Hannon’s motion as successive, stating: “Motion for reconsideration of sentence is denied as successive. See order of 8 — 7—0[7] above — Judge J. Hard,” signing it “J T. Pulliam.” In his order entered in August 2007, Judge James Hard had denied Hannon’s motion for sentence reconsideration, stating that Hannon had committed the robbery while on escape status on parole and “additionally subject was denied Kirby relief 12/16/04 thus undersigned has no jurisdiction to consider successive motion .... ”
On appeal, Hannon claims that the trial court abused its discretion when it denied his most recent motion as successive, in violation of the Alabama Supreme Court’s holding in Ex parte Gunn, 993 So.2d 433 (Ala.2007). In Gunn, the Alabama Supreme Court overruled Wells v. State, 941 So.2d 1008 (Ala.Crim.App.2005), insofar as Wells purported to impose a jurisdictional limit of one motion for reconsideration of sentence per defendant per case. In an opinion being released today, this Court affirms the order of the circuit court in a similar case, stating that
“the fact that a motion for sentence reconsideration under § 13A-5-9.1 is successive is a valid basis, in and of itself, for denying that motion, so long as at least one of the previous motions was properly considered in compliance with this Court’s opinion in Holt v. State, 960 So.2d 726 (Ala.Crim.App.2006) .... ”
Ashford v. State, 12 So.3d 160, 162 (Ala.Crim.App.2008). In this case, there is no *820 indication, either in the instant record or in the record from the appeal of the denial of Hannon’s first motion, that Hannon’s first motion was not properly considered in compliance with this Court’s opinion in Holt v. State, 960 So.2d 726 (Ala.Crim.App.2006). Here, as is the case in Ashford, at least one of Hannon’s previous motions was properly considered in compliance with Holt.
Therefore, the circuit court’s judgment denying Hannon’s present motion on the ground that it was successive is affirmed.
AFFIRMED.
BASCHAB, P.J., and McMILLAN and WISE, JJ., concur. SHAW, J., concurs in the result. WELCH, J., dissents, with opinion.

. The record indicates that Hannon filed his first motion on November 24, 2004, and that that motion was denied by the circuit court on December 6, 2004; that denial was affirmed by this Court in an unpublished memorandum issued on May 13, 2005. Hannon v. State (No. CR-04-0697), 926 So.2d 1087 (Ala.Crim.App.2005) (table). Hannon filed his second motion on January 10, 2007, and that motion was transferred to the presiding judge of the circuit on February 14, 2007. However, the record does not reflect a ruling on that motion by the presiding judge. Rather, the record reflects that another motion to reconsider was filed on July 19, 2007, and that that motion was denied on August 8, 2007. However, it is unclear whether the motion filed on July 19, 2007, was a third motion or was merely the refiling of the January 10, 2007, motion that had been transferred but not ruled on.