WELCH, Judge,
dissenting.
I respectfully dissent based on my dissent in Ashford v. State, 12 So.3d 160 (Ala.Crim.App.2008). In this case, although the circuit court did not explicitly cite Wells v. State, 941 So.2d 1008 (Ala.Crim.App.2005), when denying Hannon’s motion for sentence reconsideration, it referenced a previous order in which the circuit court had denied a motion for sentence reconsideration on the ground that the motion was successive and, therefore, the court had no jurisdiction to rule upon it. Thus, I believe the circuit court erroneously concluded that it did not have jurisdiction to rule upon Hannon’s instant motion.
I agree with the majority that a circuit court may properly deny a motion for sentence reconsideration under § 13A-5-9.1, Ala.Code 1975, on the basis that the motion is successive, so long as at least one of the previous motions was properly considered in compliance with this Court’s opinion in Holt v. State, 960 So.2d 726 (Ala.Crim.App.2006). However, this case is not a situation in which the circuit court believed it had jurisdiction to consider the motion but refused to do so on the basis that the motion was successive. Rather, the circuit court thought it was precluded from considering the motion because it believed it did not have jurisdiction to consider the motion.
I do not believe that the fact that a previous motion may have been properly considered and denied cures the circuit court’s erroneous conclusion that it did not have jurisdiction to consider the instant motion. Because the circuit court erroneously thought it did not have jurisdiction to rule on Hannon’s motion to reconsider, it did not reach the merits, if any, to Han-non’s motion to reconsider. I would reverse the circuit court’s judgment and remand this cause for the circuit court to review Hannon’s motion and enter judgment accordingly. Therefore, I respectfully dissent.