WELCH, Presiding Judge,
dissenting.
Ray Anthony Coats appealed from the denial of his latest motion seeking reconsideration of his sentence pursuant to § 13A-5-9.1, Ala.Code 1975. See Kirby v. State, 899 So.2d 968 (Ala.2004). Coats was sentenced to life in prison without the possibility of parole following his March 23, 1987, first-degree robbery conviction. (Mobile Circuit Court case no. CC-87-79.) In the motion Coats sought to be resen-tenced.
The circuit court denied Coats’s Kirby motion because the court did not believe it had jurisdiction to consider a successive motion for sentence reconsideration. The majority correctly determines that, based on the authority of Ex parte Gunn, 993 So.2d 433 (Ala.2007), the circuit court’s belief was in error. “In Gunn, the Alabama Supreme Court overruled Wells v. State, 941 So.2d 1008 (Ala.Crim.App.2005), insofar as Wells purported to impose a jurisdictional limit of one motion for reconsideration of sentence per defendant per case.” Hannon v. State, 16 So.3d 818, 819 (Ala.Crim.App.2009). Nevertheless, the majority affirmed the denial of the motion, because, in Coats’s prior motion to reconsider this sentence, see Coats v. State, 986 So.2d 1241 (Ala.Crim.App.2007) (Welch, J., dissenting), the circuit court could have found Coats to be a violent offender and, thus, ineligible for sentence reconsideration under § 13A-5-9.1.[1] See A.G. v. State, 989 So.2d 1167, 1180 (Ala.Crim.App.2007) (“[A]n appellate court may affirm a circuit court’s judgment if that judgment is correct for any reason.”).
For the reasons I expressed in my dissent in Ashford v. State, 12 So.3d 160 (Ala.Crim.App.2008), I respectfully dissent. I stated in Ashford:
“I agree with the majority that a circuit court may properly deny a motion for sentence reconsideration under § 13A-5-9.1, Ala.Code 1975, on the basis that such motion is successive, so long as at least one of the previous motions was properly considered in compliance with this Court’s opinion in Holt v. State, 960 So.2d 726 (Ala.Crim.App.2006). However, in this case, the Court erroneously relied on this Court’s opinion in Wells v. State, 941 So.2d 1008 (Ala.Crim.App.2005), in denying Ash-ford’s motion.
“This case does not present a situation in which the circuit court believed it had jurisdiction to consider the motion but refused to do so on the basis that the motion was successive. Rather, the circuit court, based on earlier caselaw, was of the belief that it was precluded from considering the motion because it was without jurisdiction. I do not believe that a previous motion properly considered and denied cures the circuit court’s erroneous reliance on Wells, supra. Because the circuit court erroneously thought it did not have jurisdiction to rule on Ashford’s motion to reconsider, *1105 it did not reach the merits, if any, to Ashford’s motion to reconsider. I would reverse the circuit court’s judgment and remand this cause for the circuit court to review the motion and to enter judgment accordingly. Therefore, I respectfully dissent.”
Ashford v. State, 12 So.3d 160, 163 (Ala.Crim.App.2008).
Moreover, because the circuit court did not consider the motion, Coats was denied due process. The Alabama Constitution, Art. I, § 6, states that “the accused has a right to be heard.... ” While Coats was not literally entitled to a hearing, he was entitled to have his motion reviewed. “It is generally understood that an opportunity for a hearing before a competent and impartial tribunal upon proper notice is one of the essential elements of due process.” Ex parte Weeks, 611 So.2d 259, 261 (Ala.1992). Coats’s motion was dismissed without any review of the merits of his claim because the circuit court erroneously believed that it lacked jurisdiction to entertain the motion. Under this circumstance, Coats was not afforded the opportunity for sentence reduction provided by § 13A-5-9.1, Ala.Code 1975, and Kirby. The circuit court had jurisdiction and, by not ruling on the motion, deprived Coats of due process. Additionally, because the circuit court did not enter a ruling, there was nothing for this Court to review on appeal. I do not believe this Court should affirm on the basis that “the circuit court is correct for any reason” when the circuit court did not in fact enter a ruling.
As in Ashford, I would reverse the circuit court’s judgment and remand this cause for the circuit court to review the motion and to enter judgment accordingly.
Moreover, I also dissent because I did not agree with this Court’s decision to affirm the circuit court’s denial of Coats’s prior Kirby motion. See my dissent in Coats v. State, 986 So.2d 1241 (Ala.Crim.App.2007) (Welch, J., dissenting). I dissented because I do not believe the circuit court complied with Holt v. State, 960 So.2d 726 (Ala.Crim.App.2006).

. This Court took judicial notice of Coats v. State, 986 So.2d 1241 (Ala.Crim.App.2007) (Welch, J., dissenting), an unpublished memorandum disposing of Coats's prior motion for sentence reconsideration. See Nettles v. State, 731 So.2d 626, 629 (Ala.Crim.App.1998) (noting that this Court may take judicial notice of its records.).