WELCH, Judge,
dissenting.
Joseph Lester Pate appealed from the denial of his latest motion seeking reconsideration of his sentence pursuant to § 13A-5-9.1, Ala.Code 1975. See Kirby v. State, 899 So.2d 968 (Ala.2004). Pate was sentenced to life in prison without the possibility of parole following his conviction for first-degree theft. In the motion, Pate sought to be resentenced.
The circuit court denied Pate’s Kirby motion because the court did not believe it had jurisdiction to consider a successive motion for sentence reconsideration. The majority in its unpublished memorandum affirming the circuit court’s decision cor *1257 rectly determines that, based on the authority of Ex parte Gunn, 99B So.2d 433 (Ala.2007), the circuit court’s belief was in error. “In Gunn, the Alabama Supreme Court overruled Wells v. State, 941 So.2d 1008 (Ala.Crim.App.2005), insofar as Wells purported to impose a jurisdictional limit of one motion for reconsideration of sentence per defendant per case.” Hannon v. State, 16 So.3d 818, 819 (Ala.Crim.App. 2009). Nevertheless, the majority affirms the denial of Pate’s Kirby motion because nothing in the record indicates that the circuit court did not properly consider Pate’s previous motion for sentence reconsideration.
For the reasons I expressed in my dissent in Ashford v. State, 12 So.3d 160 (Ala.Crim.App.2008), I respectfully dissent. I stated in Ashford:
“I agree with the majority that a circuit court may properly deny a motion for sentence reconsideration under § 13A-5-9.1, Ala.Code 1975, on the basis that such motion is successive, so long as at least one of the previous motions was properly considered in compliance with this Court’s opinion in Holt v. State, 960 So.2d 726 (Ala.Crim.App. 2006). However, in this case, the Court erroneously relied on this Court’s opinion in Wells v. State, 941 So.2d 1008 (Ala.Crim.App.2005), in denying Ash-ford’s motion.
“This case does not present a situation in which the circuit court believed it had jurisdiction to consider the motion but refused to do so on the basis that the motion was successive. Rather, the circuit court, based on earlier caselaw, was of the belief that it was precluded from considering the motion because it was without jurisdiction. I do not believe that a previous motion properly considered and denied cures the circuit court’s erroneous reliance on Wells, supra. Because the circuit court erroneously thought it did not have jurisdiction to rule on Ashford’s motion to reconsider, it did not reach the merits, if any, to Ashford’s motion to reconsider. I would reverse the circuit court’s judgment and remand this cause for the circuit court to review the motion and to enter judgment accordingly. Therefore, I respectfully dissent.”
Ashford v. State, 12 So.3d at 163.
Moreover, because the circuit court did not consider the motion, Pate was denied due process. The Alabama Constitution, Art. I, § 6, states that “the accused has a right to be heard.... ” While Pate was not literally entitled to a hearing, he was entitled to have his motion reviewed. “It is generally understood that an opportunity for a hearing before a competent and impartial tribunal upon proper notice is one of the essential elements of due process.” Ex parte Weeks, 611 So.2d 259, 261 (Ala. 1992). Pate’s motion was dismissed without any review of the merits of his claim because the circuit court erroneously believed that it lacked jurisdiction to entertain the motion. Under this circumstance, Pate was not afforded the opportunity for sentence reduction provided by § 13A-5-9.1, Ala.Code 1975, and Kirby. The circuit court had jurisdiction and, by not ruling on the motion, deprived Pate of due process. Additionally, because the circuit court did not enter a ruling, there was nothing for this Court to review on appeal. I do not believe this Court should affirm a decision on the basis that “the circuit court is correct for any reason” when the circuit court did not in fact enter a ruling.
As in Ashford, I would reverse the circuit court’s judgment and remand this cause for the circuit court to review the *1258 motion and to enter judgment accordingly. Thus, I must respectfully dissent.